[Civ. No. 7148. First Appellate District, Division One.—February 16, 1931.]

MADS NIELSEN, an Incompetent Person, etc., Respondent, v. GEORGE F. WITTER, Appellant.

George F. Witter, *in pro. per.*, for Appellant.

W. E. Most, for Respondent.

THE COURT.—Action on a common count for money had and received.

Plaintiff, an incompetent, through his guardian in substance, alleged that on or about July 19, 1927, defendant received from plaintiff the sum of $500 to and for the use of plaintiff; that on or about the twenty-fourth day of August of the same year he received the further sum of $1,000 for plaintiff's use. The complaint further alleged that on the nineteenth day of July, 1927, and long prior thereto, and before defendant had relations of any kind with plaintiff, and ever since said date, plaintiff was an incompetent and incapable of handling his business affairs or managing his property; that on the eighth day of December, his guardian rescinded any and all contracts or agreements had

between defendant and plaintiff and demanded payment from defendant of said sums. The complaint prayed for judgment in the sum of $1500. To this complaint defendant demurred upon various grounds. The demurrer was overruled and defendant answering, alleged that plaintiff had paid to defendant as retaining fees the sum of $500 and the further sum of $1,000 and prayed judgment. For a further answer and by way of counterclaim defendant set up an employment by plaintiff of defendant as attorney and that the reasonable value of said services was the sum of $2,000. The counterclaim was subsequently dismissed, leaving the original answer standing.

The case went to trial and it appeared in evidence that plaintiff had called upon defendant and sought his advice upon certain legal questions. Defendant informed plaintiff that he would attend to the matters and his fee would be $500. Defendant was subsequently informed by plaintiff that he had other affairs that needed the attention of an attorney. He suggested that defendant bring a suit to quiet title to his home. This defendant agreed to do but told plaintiff that it would require an additional payment of $1,000. Both amounts were paid by plaintiff to defendant. After defendant had instituted certain proceedings on behalf of plaintiff, he concluded that plaintiff was mentally incompetent and he caused proceedings to be instituted which resulted in plaintiff being declared an incompetent. Defendant offered evidence as to the various services he had rendered plaintiff and also as to plaintiff's competency to transact business at the time he employed defendant. The evidence upon this subject was conflicting. The trial court found, upon the issue of incompetency, that at the time plaintiff employed defendant to transact business for him he was mentally incompetent to deal with defendant with full understanding of his rights and did not understand the effect of his agreement with defendant. It further found that plaintiff's guardian had served written notice of rescission of the contracts upon defendant. As conclusions of law, the court found that plaintiff had a right to rescind, and defendant was indebted to plaintiff for money had and received in the sum of $1500, and judgment was rendered accordingly.

Defendant urges several grounds for a reversal. He first claims that plaintiff was not entitled to rescind

until he had restored or offered to restore to defendant whatever of value he had received. It is manifest that plaintiff could not restore to defendant the services defendant had rendered to him, nor was plaintiff by reason of his adjudicated incompetency in a position to set any value thereon. The court having found that plaintiff had no mental capacity when he executed the contracts, he was not bound by them. Upon the trial, plaintiff through his guardian, offered to do equity and include in his account such amount as would compensate defendant for such services as might be deemed beneficial to defendant. This matter is disposed of in *Estate of Nielsen, post,* p. 744 [296 Pac. 122], this day decided. ▮ Defendant next contends that the judgment is void for the reason that no findings were ever prepared, signed or filed. Findings were filed *nunc pro tunc* before appeal was taken. There is no merit in this objection. Other points do not require consideration.

The judgment is affirmed.