[Civ. No. 7512. First Appellate District, Division One.—February 16, 1931.]

In the Matter of the Guardianship of the Estate of MADS NIELSEN, an Incompetent Person. MADS NIELSEN, an Incompetent Person, etc., Appellant, v. GEORGE F. WITTER, Respondent.

W. E. Most for Appellant.

George F. Witter, *in pro. per.*, and Ralph E. Hoyt for Respondent.

THE COURT.—Application for allowance of attorney's fees due for services rendered an incompetent.

On May 28, 1929, George F. Witter, Esq., served upon the guardian of Mads Nielsen, an incompetent, a copy of a petition for allowance of fees, wherein it was prayed that the court make its order fixing an amount as a reasonable compensation for services rendered by said Witter to said incompetent before his incompetency was declared. The petition came on for hearing and the application being submitted, the court ordered that the sum of $1250 be allowed Witter, as attorney's fees in full for services rendered the incompetent and also the guardian. Witter had heretofore received from the incompetent the sum of $1500 for which sum a judgment has been rendered against him (*Nielsen* v. *Witter, ante,* p. 742 [296 Pac. 121], this day decided). The court being advised in the premises, incorporated in the order a recital that Witter was to pay to the guardian the sum of $250, said sum being the difference between the amount he had received from the incompetent and the proper amount awarded him. This is an appeal from such order. ■ In support thereof it is claimed that there is no warrant or authority for an attorney to make such a motion, the matter being one that can be considered only in the settlement of the account of the incompetent, and that a court has no jurisdiction to award or make such an allowance, for which reason it should be annulled. However this may be, the record presents no such question. The order in express terms recites that the petition of Witter for attorney's fees is denied and that the allowance is made on the petition and application of the guardian of the incompetent. ■ Appellant raises the further claim that the evidence is insufficient to justify the order of the court that the reason-

able value of Witter's services was the amount fixed. There is nothing in the record to show that the court abused its discretion in fixing said sum as the reasonable amount to which Witter was entitled.

The order is affirmed.