[Civ. No. 8434.  Second Appellate District, Division One.—October 6, 1932.]

In the Matter of the Estate of CHARLES A. DOYLE, Deceased. COLLAMER A. BRIDGE, Appellant, v. ALICE E. S. DOYLE, as Administratrix, etc., Respondent.

Karl L. Ratzer for Appellant.

Goudge, Robinson & Hughes and Francis W. Read for Respondent.

YORK, J.—Charles A. Doyle, decedent herein, was adjudged incompetent by the Superior Court of Los Angeles County, and Alice E. S. Doyle, the respondent herein, was appointed guardian of his estate, and continued to act as the duly qualified guardian of decedent at all times thereafter until the date of his death.   After the adjudication of incom-

petency, decedent conferred with appellant, an attorney at law, and requested him to institute the necessary proceedings to restore him, the said decedent, to competency. The incompetent died before these proceedings were instituted, and respondent was appointed administratrix of his estate. Appellant thereupon presented his claim for legal services rendered to decedent. An agreement for reference of the claim was entered into between these parties, and the court in due time made its order appointing a referee to try the controversy over the said creditor's claim of $50. The referee reported as her conclusion of law that appellant had no valid claim against decedent's estate, and recommended that the claim be disallowed. Appellant filed objections to the report of the referee, the matter was submitted to the court on briefs, and in due time the court made its order confirming the report of said referee, and denied the objections filed thereto. From such order this appeal is taken.

The referee apparently based her recommendation for disallowance of the claim upon section 40 of the Civil Code, the following recitation being incorporated in said report: "Sec. 40 of the Civil Code definitely defines the powers of persons whose incapacity has been adjudged, i. e., the incompetent has no right to contract."

Appellant contends that despite section 40 of the Civil Code, legal services rendered to an incompetent are in the nature of necessaries, and that a contract to pay their reasonable value will be implied by law. In support of this theory, appellant cites several cases decided in foreign jurisdictions.

So far as the record in the instant case shows, no express contract was ever entered into by the appellant and decedent, and therefore sections 39 and 40 of the Civil Code, which refer to express contracts, are not applicable. Under the circumstances here presented, section 38 of the Civil Code: "A person entirely without understanding has no power to make a contract of any kind, but he is liable for the reasonable value of things furnished to him necessary for his support or the support of his family," may be invoked, in order to bind the estate of the incompetent upon a contract implied in law for the payment of necessaries, because we are inclined to the belief that services rendered by an attorney in an attempt to restore an incompetent to capacity should be classed as necessaries of life. Circumstances may

well be imagined, where a guardian as well as members of the family of the incompetent, turn a deaf ear to his urgent request that he be restored, and it would seem unjust to deny reasonable compensation to the attorney, who is instrumental in bringing such a situation to the attention of the court, in order that the status of the incompetent be determined.

The distinction between the two classes of cases—true contract and those implied by law—is aptly illustrated by two cases reported in volume 111, California Appellate Reports. The first of these—*Nielsen* v. *Witter*, 111 Cal. App. 742 [296 Pac. 121], was an action on a common count for money had and received brought by an incompetent, through his guardian, to recover $1500 paid by him to an attorney for legal services. Prior to commencement of the action, a notice of rescission was served upon the attorney by the guardian. It was held by the court that plaintiff had no mental capacity when he executed the contracts and that he was not bound by them. On the trial of the case, plaintiff by his guardian "offered to do equity, and include in his account such amount as would compensate defendant attorney for such services as might be deemed beneficial to defendant."

The second case, *Estate of Nielsen*, 111 Cal. App. 744 [296 Pac. 122], involves the same facts, and is an application for allowance of attorney's fees due for services rendered the incompetent. On the theory of contract implied in law, the court made an order fixing the sum of $1250 as the reasonable value of the attorney's services rendered to the incompetent.

The order appealed from is reversed.

Tappaan, J., *pro tem.*, concurred.

Conrey, P. J., dissented. (*Hellman etc. Bank* v. *Alden*, 206 Cal. 592, 604 [275 Pac. 794].)