[Civ. No. 10545. First Appellate District, Division One.—March 7, 1939.]

GEORGE C. STONE, Appellant, v. MYRTLE CONKLE et al., Respondents.

Faulkner, Doyle & Sanford and Lawrence McCune for Appellant.

Bullock & Manders for Respondents.

TYLER, P. J.—The plaintiff, George C. Stone, is the assignee of one Carroll Bucher and of the firm of Faulkner, Doyle & Sanford of their account against defendants and respondents for legal services rendered and for costs advanced in the sum of $1162.50. Carroll Bucher is an attorney at law, as are also George C. Faulkner, William T. Doyle and Henry G. Sanford, who compose the law firm of Faulkner, Doyle & Sanford. The respondents, Joseph Conkle and Myrtle Conkle are husband and wife. Prior to 1936, re-

spondent Myrtle Conkle had been committed to Agnew State Hospital for the insane upon the complaint of her husband. Thereafter she had been judicially declared incompetent and her husband Joseph Conkle had been appointed guardian of her person and estate. In the early part of 1936, while on parole from Agnew State Hospital, respondent Myrtle Conkle visited her sister and brother-in-law, Mrs. and Mr. L. S. Durben, at their home in Santa Barbara, and while there she and her brother-in-law consulted Carroll Bucher with reference to initiating proceedings to restore her to competency. Bucher examined the records in San Mateo County and at Agnew and filed the petition as requested. At that time he was called east and had no opportunity to prepare for the trial. In May of 1936 Durben and Mrs. Conkle came to the offices of Faulkner, Doyle & Sanford and consulted Mr. Doyle. Mr. Durben advised Mr. Doyle that Mr. Bucher had referred Mrs. Conkle and him to that firm and that he understood they were to proceed with the case. All but one of the conversations had by Mr. Doyle in connection with the matter were with Mrs. Conkle. Any arrangements that might theretofore have been made between Bucher and Durben or Mrs. Conkle were not discussed with or by Mr. Doyle at any time, Doyle particularly informing Mr. Durben and Mrs. Conkle that the firm of Faulkner, Doyle & Sanford was looking to Mrs. Conkle and her property for reimbursement for services to be rendered by them. Thereafter Faulkner, Doyle & Sanford proceeded with the preparation of the trial, employing a skilled psychiatrist; the trial lasted for a period of three days. The petition for restoration was contested by the husband and guardian, Joseph Conkle. At the conclusion of the trial the jury rendered a unanimous verdict restoring Myrtle Conkle to competency.

After her restoration, Mrs. Conkle employed the firm of Faulkner, Doyle & Sanford to file proceedings for divorce against her husband on the ground of extreme cruelty. The divorce complaint was prepared and filed and subsequently certain alimony and counsel fees were awarded the wife. Likewise, subsequent to her restoration to competency, Myrtle Conkle employed the firm of Faulkner, Doyle & Sanford in an ancillary proceeding to compel respondent Joseph Conkle to account as guardian for his administration of the estate

of his wife. An order was accordingly obtained compelling him to file an account as guardian, which account was subsequently filed and several hearings had thereon. All proceedings subsequent to the restoration to competency verdict were at this point stayed by reason of the reconciliation of Conkle and his wife, and plaintiff's assignors were instructed to drop all proceedings.

After the foregoing evidence was introduced on the part of the plaintiff, a legal expert whose qualifications were admitted, was called by plaintiff to testify as to the reasonable value of the attorneys' fees. He estimated the services rendered by Mr. Bucher, prior to the trial, at the sum of $150, and the reasonable value of the services rendered by Faulkner, Doyle & Sanford in the proceedings with reference to the restoration to competency of respondent Myrtle Conkle at the sum of $500. He further testified that the reasonable value of legal services rendered by Faulkner, Doyle & Sanford in the accounting proceeding was $200, and for legal services in the divorce proceeding $50. Upon the conclusion of the presentation of the evidence, the trial court granted the motion of respondent Joseph Conkle for a nonsuit as to all legal services performed and costs advanced by plaintiff's assignors, and likewise granted the motion of the respondent Myrtle Conkle for nonsuit for all legal services rendered and costs advanced by plaintiff's assignors prior to the decree restoring her to competency.

Upon the completion of the defense offered by respondent Myrtle Conkle to legal services rendered subsequent to her restoration to competency, the trial court allowed plaintiff the sum of $175, based upon legal services rendered in the accounting proceeding, and the further sum of $12.50 based upon legal services rendered in the divorce proceedings, and costs in these two proceedings in the sum of $50.

It is conceded by appellant that the trial court was legally correct in granting the motion of respondent Joseph Conkle for nonsuit as to legal services rendered by plaintiff's assignor subsequent to the restoration to capacity of respondent Myrtle Conkle. It is contended, however, that the trial court fell into error in granting the motion for nonsuit of both defendants as to legal services rendered prior to the restoration to capacity of respondent Myrtle Conkle.

The appellant claims:

1. That the legal services rendered the respondent in the proceedings to restore her to capacity were necessaries.

2. That an incompetent is liable for necessaries furnished her during incompetency, irrespective of concurrent liability of a third person in ordering the necessaries.

3. That a husband is liable for necessaries furnished to his wife by a third person.

4. That the evidence is insufficient to sustain the finding of the trial court that plaintiff's assignors were employed by Durben.

 There is no doubt that legal services rendered an incompetent in proceedings looking toward restoration to capacity are necessaries, and a contract to pay the reasonable value thereof will be implied by law and may be enforced in suitable proceedings. (*Estate of Doyle*, 126 Cal. App. 646 [14 Pac. (2d) 920]; 4 Cyc. 993.) Respondent does not seriously question this rule, but the trial court particularly found that the legal services rendered were at the request of L. S. Durben, for which reason it was held no recovery could be had. As above indicated, the evidence is insufficient to show that plaintiff's assignors were employed by Durben as Mrs. Conkle and her brother-in-law were both informed that the property she was supposed to possess would be looked to for compensation for the services rendered. But, irrespective of this fact, the action being for necessaries, it is immaterial whether the services were performed at the request of the incompetent or of a third party, as the law implies a promise and creates an obligation on the part of the incompetent to pay the reasonable value therefor. The mere claim, therefore, that plaintiff's assignors may have been employed by the brother-in-law, Durben, would not militate against or destroy the right of plaintiff's assignors to recover the reasonable value of the legal services against the respondent Mrs. Conkle because the law is clear that, irrespective of the liability or nonliability of a third person in ordering necessaries for an incompetent, the incompetent herself or her estate is nevertheless liable for such necessaries. (*McClenahan* v. *Keyes*, 188 Cal. 574 [206 Pac. 454].)

 The court likewise erred in granting the nonsuit of respondent Joseph Conkle. Legal services rendered an incompetent, under the laws of this state being necessaries, a

general rule that a husband is liable for such furnished to the wife by a third party, is too well established to require citation or authority, and this is true irrespective of the fact that the husband did not desire the services rendered or that he opposed the proceeding. The law imposes the obligation and enforces it by a contract remedy.

The judgment is reversed.

Knight, J., and Ward, J., concurred.