ROY D. JONES *vs.* WOLCOTT H. FRASER & another.

Suffolk.    November 10, 1939. — January 31, 1940.

Present: FIELD, C.J., DONAHUE, LUMMUS, DOLAN, & RONAN, JJ.

*Equity Pleading and Practice,* Master: findings; Decree.

A conclusion by a master that withdrawals of money by the defendant from a checking account at a bank standing in the name of both parties were not made wilfully, maliciously, and with intent to defraud the plaintiff must stand where the master did not report the evidence and stated that the conclusion was based "on all the evidence," and such conclusion was not inconsistent with his subsidiary findings.

A final decree in a suit for an accounting, which stated merely an indebtedness of the defendant to the plaintiff, was ordered modified by the addition of an order for the payment of that indebtedness.

BILL IN EQUITY, filed in the Superior Court on May 28, 1938.

The suit was heard by *O'Connell,* J.

*N. C. Manicinelli,* (*J. O. Corkum* with him,) for the plaintiff.

No argument nor brief for the defendants.

DOLAN, J.    This is a suit in equity in which the plaintiff seeks an accounting by the defendant Fraser, hereinafter referred to as the defendant, in connection with a joint enterprise entered into between the plaintiff and the defendant, in 1932, under an oral agreement for the "buying and selling stocks, bonds and/or other certificates of indebtedness." One of the allegations of the bill is that the defendant has "wrongfully, wilfully and maliciously taken moneys belonging to the . . . [plaintiff] with intent to defraud . . . [him]."

The case was referred to a master, who filed his report* in which he found that, including interest, the defendant was indebted to the plaintiff in the sum of $6,221.58. The plaintiff filed objections to the master's report. An inter-

---

* The master stated that his findings were "on all the evidence"; he did not report the evidence.— REPORTER.

locutory decree was entered overruling the exceptions to and confirming the master's report, and a final decree was entered that the defendant "is indebted to the" plaintiff "in the sum of" $6,221.58 "with interest from January 10, 1939; to date hereof [June 6, 1939] in the sum of $152.41 and costs in the sum of" $26.90. The defendant did not appeal, but the plaintiff appealed from the entries of the interlocutory and final decrees.

The plaintiff is content with the final decree in so far as it establishes the total indebtedness of the defendant to him. His sole complaint is that, as to the sum of $737.50 included in this total, the subsidiary findings of the master do not sustain his ultimate finding that this sum was not withdrawn from a bank account* "wilfully, maliciously and with intent to defraud the plaintiff." He argues that the sum of $737.50 should not have been "lumped" in the final decree with the other moneys owed to the plaintiff, but should have been dealt with separately as a sum of money "taken by the defendant wilfully, maliciously and with intent to defraud the plaintiff," so that, in the event of subsequent bankruptcy of the defendant, his discharge from bankruptcy would not serve to release this particular indebtedness under the provisions of the bankruptcy act (U. S. C. [1934 ed.] Title 11, § 35).

We are not called upon to decide whether, had this course been warranted and followed, the result in bankruptcy proceedings would be that asserted by the plaintiff. The answer to his contentions is that the master expressly found that this sum of $737.50 was not withdrawn from the bank account wilfully and maliciously with the intent to defraud the plaintiff, and that this ultimate finding is consistent with the subsidiary findings and hence must stand. *Dodge* v. *Anna Jaques Hospital,* 301 Mass. 431, 435–436, and cases cited.

The subsidiary findings of the master in this connection were, in substance, as follows: From time to time the defendant did make withdrawals from a bank account of

---

* This bank account was a checking account in the name of "Roy D. Jones or Wolcott H. Fraser."—REPORTER.

$1,475 of which one half, or $737.50, belonged to the plaintiff. The defendant directed the attention of the plaintiff to the fact that he owed the plaintiff money on account of withdrawals from the account, and stated that he had no other source of payment of his living expenses. The defendant understood from statements of the plaintiff and his "attitude" that he was willing for him to draw "temporarily amounts necessary for his living expenses, to be made up later from profits." The master also found that the defendant was married to the plaintiff's niece and that until after her death, in June, 1933, "the families maintained intimate social relations," and that in frequent visits of the defendant and his wife to the home of the plaintiff they often discussed the enterprise into which the plaintiff and the defendant had entered. After the death of his wife the defendant continued social intimacy with the plaintiff and called upon him several times a month. The withdrawals in question were made in the years 1933 and 1934. "From this relation and from the other evidence in the case" the master found that the "withdrawals from the bank account were not made 'wilfully, maliciously and with intent to defraud the plaintiff.'" Since this ultimate finding is consistent with the subsidiary facts found, it was binding upon the judge and is binding upon us. The subsidiary facts found by the master would not, as contended by the plaintiff, warrant a finding of a breach of trust by the defendant.

The final decree, however, contains no order for payment by the defendant to the plaintiff of the sums decreed to be due him. See *Fairbanks* v. *McDonald*, 219 Mass. 291, 298; *Malloy* v. *Carroll*, 287 Mass. 376, 391. The final decree is therefore to be modified by adding an order for the payment by the defendant to the plaintiff of the sums set forth in the decree, and as so modified it is affirmed.

*Ordered accordingly.*