[Civ. No. 12834. Second Appellate District, Division Two.—December 31, 1940.]

In the Matter of the Guardianship of the Person and Estate of EMMA SABIN SHERMAN, Incompetent. ROSALIND S. JONES, as Guardian, etc., Appellant, v. FANNIE L. THOMAS, Respondent.

Haight, Trippet & Syvertson for Appellant.

Le Roy Anderson for Respondent.

McCOMB, J.—This is an appeal from orders (1) removing appellant as guardian of the person and estate of Emma Sabin Sherman, and (2) allowing respondent's attorneys a fee for handling the proceedings leading to the removal of appellant. The appeal is on the judgment roll alone.

The essential facts are:

In 1939 appellant was appointed the guardian of the person and estate of Emma Sabin Sherman, a lady of eighty-seven years of age. Three months after the appointment of appellant as guardian of the incompetent, respondent filed a petition for the removal of the guardian and sought to have Rudolph R. Mueller appointed as guardian of the incompetent. After a hearing the court made findings of fact, so far as material here, as follows:

(1) That appellant had not neglected her duties nor mismanaged the person or estate of the incompetent;

(2) That appellant at all times provided the incompetent with adequate food, lodging, and money and had made it possible for the incompetent to go to all reasonable places at reasonable times;

(3) That the mental and physical condition of the incompetent had improved under the guardianship, and that the acts of appellant as guardian had not been detrimental to the incompetent.

In addition to the foregoing findings the court found:

(a) "Said incompetent exhibits an irritable and suspicious attitude toward the guardian, Rosalind S. Jones, and an unhappy state of mind exists at present toward the guardian, Rosalind S. Jones, which keeps the incompetent in a disturbed

condition and renders friendly relations and cooperation between the guardian, Rosalind S. Jones, and the incompetent difficult.''

(b) ''That if Rudolph R. Mueller is appointed guardian of the person this resentment and antagonism [toward the appellant] may be removed.''

These are the questions presented for our determination:

*First: Did the findings of the trial court support the conclusions of law upon which the order removing appellant as guardian of incompetent's person was predicated?*

*Second: Did the trial court abuse its discretion in allowing respondent's attorney a fee from the estate of the incompetent?*

The first question must be answered in the negative. The law is established in California that once a guardian has been appointed such guardian can be removed only after a finding by the trial court that one of the causes listed in section 1580 of the Probate Code exists. (*Guardianship of Sturges,* 30 Cal. App. (2d) 477, 489 [86 Pac. (2d) 905].)

Section 1580 of the Probate Code provides that the following are grounds for the removal of a guardian:

''(1) For waste or mismanagement of the estate, or abuse of his trust;

''(2) For failure to file an inventory or to render an account within the time allowed by law, or for continued failure to perform his duties;

''(3) For incapacity to perform his duties suitably;

''(4) For gross immorality;

''(5) For having an interest adverse to the faithful performance of his duties;

''(6) For removal from the state;

''(7) In the case of a guardian of the property, for insolvency; or

''(8) When it is no longer necessary that the ward should be under guardianship.''

It is apparent from the findings of the trial court as above stated that none of the grounds for removal of appellant as guardian of the incompetent listed in section 1580 of the Probate Code were found by the trial court to exist. Therefore, the findings do not support the conclusions of law upon which the order removing appellant as guardian was predi-

cated. Findings (a) and (b), *supra,* stressed by respondent, fall within the foregoing category.

█ It is a matter of common knowledge that in a large number of cases where guardians are appointed for incompetents, particularly after a contest, the incompetent is suspicious of the guardian, antagonistic to such person, and frequently in a very unhappy state of mind because of the appointment of the guardian. Such a situation is unfortunate but is due to the frailties of human nature and is frequently caused by the fact that the incompetent is unable to care for his or her person and estate. The resentment is frequently directed to the person who is following a course best calculated to protect the rights and interests of the incompetent.

█ The second question must likewise be answered in the negative. It is the law in California that the estate of an incompetent is liable for the reasonable value of attorneys' fees rendered to the incompetent in proceedings appertaining to the appointment or removal of a guardian (*Estate of Doyle,* 126 Cal. App. 646, 647 [14 Pac. (2d) 920]; *Stone* v. *Conkle,* 31 Cal. App. (2d) 348, 351 [88 Pac. (2d) 197].) In such a case the allowance of attorneys' fees and the amount thereof rests in the sound discretion of the trial court, and, in the absence of an abuse thereof, the trial court's finding will not be disturbed upon appeal. In the present case we are of the view that there was no abuse of the trial court's discretion in allowing respondent's attorney a fee in the sum of $150 for his services in the present matter.

For the foregoing reasons the order removing appellant as guardian of the person of the incompetent and appointing respondent in appellant's place and stead is reversed and the order allowing a fee to respondent's attorney for his services is affirmed.

Moore, P. J., and Wood, J., concurred.