[Civ. No. 2901.   Fourth Dist.   Mar. 9, 1942.]

JACK P. LEONARD, Appellant v. ADIN ALEXANDER, JR., et al., Respondents.

Jack P. Leonard in pro. per., Jesse W. Curtis and Marion P. Betty for Appellant.

Fred A. Wilson for Respondents.

MARKS, J.—Plaintiff, an attorney at law, brought this action to recover for services rendered defendants in an action brought to recover damages in a malpractice action.

Plaintiff recovered judgment in the sum of $350.00 as the reasonable value of his services rendered. A motion for new trial was made and heard by a judge other than the one presiding at the trial. The findings of fact and conclusions of law were modified and judgment was rendered for defendants. There remained in the modified findings a finding to the effect that the reasonable value of the services rendered by plaintiff was $350.00. The appeal is on the judgment roll.

The case went to trial on a first amended complaint and a pleading entitled "Second Amended Complaint" but which was ordered "filed and for all purposes considered as an amendment, and further, separate, and third cause of action, to his first amended complaint on file herein and as if therein incorporated." This pleading sought recovery for the reasonable value of the services rendered by plaintiff.

We gather from these pleadings that in the years 1922 and 1923, when Adin Alexander, Jr., was of the age of about five years, he was treated by physicians against whom the malpractice action was subsequently brought. The minor and Jennie Alexander, his mother, consulted plaintiff and employed him to bring an action for damages against the physicians. Plaintiff took the case on a contingent fee basis and brought the action. Jennie Alexander appeared in the action as guardian *ad litem* for the minor. After the trial had proceeded for several days the action was dismissed.

The minor and his mother desired to have another attorney associated with plaintiff in filing another action for damages. They signed a written agreement which was approved by plaintiff fixing the contingent fees of these attorneys, and a second action for damages was filed.

After the second suit was filed there was some dissatisfaction on the part of the minor and his mother with the services of plaintiff and the other attorney was substituted, in the place of the two attorneys, as attorney for plaintiff in the damage action. In the substitution signed by the plaintiff here, it was stated that should Adin Alexander recover, the attorney claimed that he was entitled to compensation for services rendered and that "This substitution

shall not prejudice my claim for attorney's fees as afore-said."

Adin Alexander, Jr., reached his majority about November 4, 1937, and sometime in July, 1939, compromised his claim, received the sum of $8,000.00 in settlement of it, and dismissed the damage action.

Plaintiff had been paid $100.00 out of which he was required to pay the costs in the damage actions. He received no attorney's fees for the services he rendered. The record discloses that the other attorney had to bring suit for the services he rendered and recovered judgment for $2,450.00.

The judgment against plaintiff refusing him compensation for his services is apparently based on section 1509 of the Probate Code which provides as follows:

"A contract for attorney's fees for services in litigation, made by or on behalf of a minor, is void unless the contract is approved by the court in which the litigation is pending or the court having jurisdiction of the estate of the minor, upon petition of any person in interest. When no such contract is approved, and a judgment is recovered by or on behalf of a minor, the attorney's fees chargeable against the minor shall be fixed by the court rendering the judgment."

This section does not prohibit an attorney's fee for the attorney for a minor where the contract for contingent fees is not approved. On the contrary, it indicates rather clearly that under such circumstances the court awarding a judgment to the minor should fix the fee of the attorney based on the reasonable value of the services rendered.

It is not contended that the contract for attorney's fees on a contingent basis was ever approved by any court. As the damage action was compromised by the minor after he reached his majority and was dismissed, no judgment was "recovered by or on behalf of the minor," so the provisions of section 1509 of the Probate Code are not applicable to the rather unusual facts of this case, except insofar as they make the contract for a contingent fee void. We must look elsewhere for authorities controlling our decision.

The general rule concerning the fees of attorneys for services rendered a person under disability to contract, is thus stated in 6 Corpus Juris, p. 748, section 330, as follows:

"The services of an attorney are usually considered as

necessaries, and a promise to pay for them is implied when they are rendered in a proceeding personal to an infant, or to any other person incapable of entering into a contract, such as a habitual drunkard or an insane man.'' (See, also, 7 C. J. S., Attorney and Client, sec. 190.)

Here the trial court found that all of the services rendered by plaintiff were rendered pursuant to the request of Jennie Alexander. On this question as well as on the question of attorney's fees being necessaries of life in certain cases, the court in *Stone* v. *Conkle,* 31 Cal. App. (2d) 348 [88 Pac. (2d) 197], said:

''There is no doubt that legal services rendered an incompetent in proceedings looking toward restoration to capacity are necessaries, and a contract to pay the reasonable value thereof will be implied by law and may be enforced in suitable proceedings. (*Estate of Doyle,* 126 Cal. App. 646 [14 Pac. (2d) 920] ; 4 Cyc. 993.) Respondent does not seriously question this rule, but the trial court particularly found that the legal services rendered were at the request of L. S. Durben, for which reason it was held no recovery could be had. As above indicated, the evidence is insufficient to show that plaintiff's assignors were employed by Durben as Mrs. Conkle and her brother-in-law were both informed that the property she was supposed to possess would be looked to for compensation for the services rendered. But, irrespective of this fact, the action being for necessaries, it is immaterial whether the services were performed at the request of the incompetent or of a third party, as the law implies a promise and creates an obligation on the part of the incompetent to pay the reasonable value therefor. The mere claim, therefore, that plaintiff's assignors may have been employed by the brother-in-law, Durben, would not militate against or destroy the right of plaintiff's assignors to recover the reasonable value of the legal services against the respondent Mrs. Conkle because the law is clear that, irrespective of the liability or nonliability of a third person in ordering necessaries for an incompetent, the incompetent herself or her estate is nevertheless liable for such necessaries. (*McClenahan* v. *Keyes,* 188 Cal. 574 [206 Pac. 454].)''

On the right of an attorney to collect the reasonable value of his services from a person under disability and consequently unable to make a valid contract, see *Estate of Nielsen,* 111 Cal. App. 744 [296 Pac. 122] ; *Estate of Doyle,* 126

Cal. App. 646 [14 Pac. (2d) 920]; and *Dorris* v. *Crowder,* 26 Cal. App. (2d) 49 [78 Pac. (2d) 1039]. (See also *Sanker* v. *Humborg,* 48 Cal. App. (2d) 203 [119 Pac. (2d) 431].)

Under these authorities we have reached the conclusion that the services rendered by plaintiff were for necessaries of life of the minor and that their reasonable value is recoverable from him, but not from his mother.

The trial court found the reasonable value of the services rendered to be $350.00. As the appeal is on the judgment roll, we must presume that the evidence supports that finding.

The judgment in favor of Jennie Alexander is affirmed.

The judgment in favor of Adin Alexander, Jr., is reversed with instructions to the trial court to modify its findings of fact and conclusions of law in accordance with the views here expressed and to enter judgment in favor of plaintiff against Adin Alexander, Jr., in the sum of $350.00.

Barnard, P. J., and Griffin, J., concurred.

Respondents' petition for a hearing by the Supreme Court was denied May 8, 1942. Curtis, J., did not participate therein.