**J. W. Templeman and John R. Morrow, Appellees, v. Stuart E. Pierson, Executor of Estate of Ella M. Rainey, Deceased, Appellant.**

**Gen. No. 9,567.**

Opinion filed March 8, 1948. Released for publication April 5, 1948.

William G. Vogt, of Carrollton, for appellant.

J. W. Templeman, and John R. Morrow, *pro se.*

1

MR. PRESIDING JUSTICE WHEAT delivered the opinion of the court.

This appeal is taken from an order of the circuit court of Greene county allowing a claim for legal services and expenses in the sum of $960.80 in favor of plaintiffs appellees, J. W. Templeman and John R. Morrow, against the estate of Ella M. Rainey, deceased, the appellant. The claim had previously been disallowed by the county court, followed by appeal to the circuit court for trial *de novo*.

The facts appear to be that Ella M. Rainey, widow of Henry T. Rainey, deceased, was adjudged an insane person on July 25, 1941, and A. L. Clark was appointed conservator of her person and estate by the county court of Greene county, Illinois. She was then almost 80 years of age and owned an estate worth about $175,000, her home being in Carrollton, Illinois. She had no husband, children, grandchildren, brothers, father, or mother living, and apparently no relatives living in the State of Illinois. From the date of such adjudication until her death on September 28, 1945, she was institutionally confined at Jacksonville and Peoria, Illinois.

The plaintiffs, J. W. Templeman and John R. Morrow, attorneys at law, Springfield, Illinois, in the spring of 1944 were contacted through friends of Mrs. Rainey, particularly a Mrs. Ziegler of Jacksonville, Illinois, with the view of having Mrs. Rainey returned to her home in Carrollton, Illinois, under proper supervision. These attorneys later prepared a lengthy, carefully detailed motion to set aside or modify the order of July 25, 1941, finding Mrs. Rainey insane and committing her to the Jacksonville State Hospital. This motion recited the steps taken in such proceeding, steps in the prior proceeding resulting in an order of May 7, 1941, finding her not insane, the alleged violation of certain legal rights of Mrs. Rainey, cited sections of the statute under which relief could be

granted, and asked that, in the event the order of July 25, 1941, be not set aside, then that it be modified to permit her to spend her remaining days at her home under supervision. This motion was personally signed by Mrs. Rainey, as well as by said attorneys, and was filed June 6, 1944, in the county court. Upon hearing, the county court, on June 28, 1944, granted a motion of the Department of Public Welfare, and ordered stricken the motion of Mrs. Rainey, for want of jurisdiction.

Thereafter, these attorneys caused an examination to be made of Mrs. Rainey by the Drs. Nelson of St. Louis, Missouri, and on October 7, 1944, the latter prepared a written report as to her mental and physical condition with the recommendation that she be returned to her home. This report is filed as a part of the claim in this case, and recites the presence of both attorneys at the institution on the day of the examination. Attached to such claim also appears a petition directed to the Department of Public Welfare under date of October 18, 1944, signed by claimants as attorneys for Mrs. Rainey. This is lengthy, detailed, and contains a history of all of the proceedings, a brief as to the law, quotations from newspapers about the case, and a request for her return to her home. There is in evidence a letter from the Department of Public Welfare to claimant Morrow, dated November 20, 1944, relating to the case which refers to a meeting and conversation between Morrow and Dr. Sommer, and which contains an approval of the plan to return Mrs. Rainey to her home under supervision, but postponed such action until after the war because, as was stated, it would be unpatriotic to use supervising personnel for such purposes when many others had greater need.

The claim relates to legal services performed and minor sums expended between May 4, 1944, and October 17, 1944, in the sum of $960.80, in connection with the foregoing matters. It was disallowed in the county

court on motion of the conservator. An appeal was taken to the circuit court, during the pendency of which, Mrs. Rainey died. Her death was suggested and Stuart E. Pierson, executor of her will, was made a party to the proceeding. Upon hearing, the circuit court allowed the claim in full.

The estate contends that under the provisions of par. 278, ch. 3, Ill. Rev. Stat. 1945 [Jones Ill. Stats. Ann. 110.375], Mrs. Rainey was incapable of making a valid contract for legal services. This section provides that "Every note, bill, bond, or other contract by any person who is an adjudged insane or an adjudged incompetent person is void as against that person and his estate . . . ."

The case of *Fruitt v. Anderson,* 12 Ill. App. 421, related to a suit by the administrator of a father against the conservator of an insane son, for recovery for necessaries furnished by the father to the son. The court affirmed a judgment in favor of the plaintiff, and said: " ' . . . . Upon a proper case made out, although he can give no express consent, yet for necessaries furnished him the law presumes his consent, and he is bound.' In *McCrillis v. Bartlett,* 8 N. H. 569, it was held, the statute of that State, avoiding the contracts of adult persons placed under guardianship was not intended to render void implied contracts for necessaries; and the court there say: 'the statute must have a reasonable construction.' See, also, 1 *Parsons on Contracts,* 387."

The case of *In re Estate of Nelson,* 329 Ill. App. 243, involved an action to recover from the estate of an incompetent for legal services rendered at the request of incompetent to secure his discharge from an institution in a habeas corpus proceeding. The express contract was considered void but recovery was allowed on the theory that necessary services had been rendered. In volume 44, Corp. Jur. Sec., page 236, § 88, the following statement is made: "Generally the

rights of attorneys against the estates of lunatics are governed by the same principles as apply to similar claims against infants' estates. Since such services are considered necessaries, the estate is liable for reasonable counsel fees rendered for the protection of the ward's person or property, although such employment was not first approved by the court, as the approval of the court may be had at the time allowance therefor is asked. While such services should be rigidly supervised by the committee and the court, and should be restricted to necessary services and the allowance limited to a reasonable amount, the right to such compensation is not necessarily dependent on the success of the litigation, where the services have been faithfully and intelligently performed.''

The estate has cited the case of *Knight v. Blumenshine,* 243 Ill. App. 331, in support of its contention of nonliability. This involved an express contract and is obviously void under the statute heretofore quoted. The distinction between cases involving an express contract and one involving an implied contract is well illustrated in the California case of *In re Doyle's Estate,* 126 Cal. App. 646, 14 P. (2d) 920, which concerned a suit for legal services rendered to an incompetent in an effort to have him restored to competency. The court allowed a reasonable fee and said that the statute which is similar to the Illinois Act applied only to express contracts and not to implied contracts. The court said: '' . . . we are inclined to the belief that services rendered by an attorney in an attempt to restore an incompetent to capacity should be classed as necessaries of life. Circumstances may well be imagined, where a guardian as well as members of the family of the incompetent turn a deaf ear to his urgent request that he be restored, and it would seem unjust to deny reasonable compensation to the attorney, who is instrumental in bringing such a situation to the attention of the court, in order that the status of the

incompetent be determined. The distinction between the two classes of cases—true contract and those implied in law— is aptly illustrated by two cases reported in volume 111, California Appellate Reports. The first of these, *Nielsen v. Witter,* 111 Cal. App. 742, 296 P. 121, was an action on a common count for money had and received, brought by an incompetent, through his guardian, to recover $1,500 paid by him to an attorney for legal services. Prior to commencement of the action, a notice of rescission was served upon the attorney by the guardian. It was held by the court that plaintiff had no mental capacity when he executed the contracts and that he was not bound by them. . . . The second case, *Estate of Nielsen,* 111 Cal. App. 744, 296 P. 122, involves the same facts, and is an application for allowance of attorney's fees due for services rendered the incompetent. On the theory of contract implied in law, the court made an order fixing the sum of $1,250 as the reasonable value of the attorney's services rendered to the incompetent.''

In this case, no claim is made that an express contract existed. Our opinion is that the services rendered on behalf of Mrs. Rainey may be considered as necessaries and claimants ought to recover for the reasonable value thereof. Several witnesses testified as to usual, customary and reasonable fees, which were in excess of the amount here claimed. We believe that the services rendered were performed for Mrs. Rainey in good faith and on reasonable grounds, in a faithful and intelligent manner, and that the amount allowed was reasonable in the extreme.

It is urged that the testimony of the witness Erma Templeman was incompetent as she was the wife of one of the claimants. It is sufficient answer to say that no objection was made to her testimony at the time and counsel for the estate took part in the examination. In any event, the record amply justified the allowance of the claim, without consideration of her testimony.

For the reasons indicated, we believe the circuit court properly allowed the claim, and the judgment is therefore affirmed.

*Affirmed.*