ALLAN M. HALE vs. CHARLES M. GRAVALLESE, guardian, & another.

Suffolk. November 3, 1959. — December 14, 1959.

Present: WILKINS, C.J., SPALDING, WILLIAMS, COUNIHAN, & CUTTER, JJ.

*Attorney at Law. Guardian,* Of insane person, Attorney at law. *Insane Person. Probate Court,* Jurisdiction, Decree, Report of material facts.

A Probate Court had jurisdiction under G. L. c. 215, §§ 39, 39A, to award an attorney at law compensation for services rendered to a person under guardianship as insane at that person's request in procuring a determination of his sanity and his release from a mental institution after many years' confinement therein, and for services contracted by the guardian in securing a favorable disposition of an indictment for murder pending against the ward since the time of his commitment to the mental institution; this court on appeal reviewed the propriety of amounts awarded by the Probate Court for such services and reduced the amount awarded in connection with the indictment. [99–101]

On appeal from a decree of a Probate Court determining the amount due to an attorney at law for services rendered with respect to one under

guardianship as an insane person, but not making any direction for
payment of the amount awarded, this court, since the ward was a
veteran and it did not appear from the record whether or not the funds
of his estate were exempt, retained the case and directed the judge to
report the facts bearing on the matter of exemption so that a proper
decree might be ordered. [101–102]

PETITION, filed in the Probate Court for the county of
Suffolk on September 24, 1958.

The case was heard by *Keville*, J.

*George N. Welch*, (*Francis L. Swift* with him,) for the
respondents.

*Gerald P. Walsh*, (*Allan M. Hale* with him,) for the peti-
tioner.

WILLIAMS, J.  This is a petition by an attorney to the
Probate Court that it fix and determine his compensation
for services rendered to one Michael Gravallese, an insane
person under guardianship, determine his expenses in con-
nection therewith, and direct payment from "the estate
generally or as the court may determine."  Appearances
were entered by the guardian, Charles M. Gravallese, and
by the administrator of veterans' affairs, United States
Veterans' Administration.  See G. L. c. 201, § 7; 38 U. S. C.
(Supp. V, 1958) § 3502 (b).

The material facts are reported by the judge.  In 1924
Michael Gravallese was indicted for murder of his wife.
Before arraignment he was committed to Bridgewater State
Hospital as an insane person and remained there until
August, 1958.  At the time of his commitment he was placed
under guardianship by the Suffolk County Probate Court.
"[N]o constructive effort was made by successive guardians
or members of his family to obtain his release," although
in recent years two attorneys, at his request, investigated his
case and reported that they were unable to help him.

In January, 1957, he sought help from Mr. Hale, the peti-
tioner, a competent attorney of considerable experience in
criminal matters.  Mr. Hale examined the records in the
case and consulted Dr. Stearns, a well known psychiatrist,
who had been one of the panel that had examined the ward

prior to his commitment. A petition to expend money from the guardianship estate to pay for a psychiatric examination was opposed by the guardian as "fruitless" and was denied by the Probate Court. Dr. Stearns, however, made the examination and gave an opinion that the ward was sane.

In April, 1957, Mr. Hale filed his appearance for the defendant in the murder case and petitioned for a writ of habeas corpus. There were two hearings on the petition, in the second of which four psychiatrists testified and the medical director of Bridgewater State Hospital gave his opinion that the ward was then sane. After commitment for thirty-five days to the Boston State Hospital for further observation, the ward was certified as sane and ordered to stand trial on the murder indictment. He was arraigned on August 4, 1958, and pending trial was released on $1,000 bail. Mr. Hale prepared the case for trial and conferred with the district attorney, who recommended that a plea of nolo contendere be accepted. The court approved its acceptance and the defendant was placed on probation for two years from October 22, 1958.

In his petition Mr. Hale asks to be paid $7,026.30 for counsel fees and expenses which amount includes a fee of $1,750 for services from March, 1957, through August, 1958; a fee of $5,000 for services "rendered on second degree murder indictment"; and a claim for reimbursement of $200 paid to Dr. Stearns.

The ward is a veteran of World War I and is now sixty-seven years old. Since his commitment various guardians have received on his behalf veteran's pension payments from the Federal government. On January 13, 1959, at the time of hearing of this petition the balance in the hands of the present guardian was approximately $20,000 and the "lifetime pension" being paid was $225 a month.

The judge entered a decree awarding the petitioner the amount asked as compensation for services and for expenses which is erroneously stated in the decree to be $7,031.30 but should read $7,026.30. The decree is before us on appeal by both the guardian and the administrator of veterans'

affairs. In his report of material facts the judge states that at the hearing of the petition before him neither the items of expense nor the nature and extent of Mr. Hale's services were disputed by the appellants but that they contended that the claim for services was excessive. The appellants, however, now suggest lack of jurisdiction in that the record does not disclose under what provisions of statute the petition was brought and the decree was entered.

Authority of the Probate Court to ascertain and determine the amount due a person for services rendered in connection with the administration of a guardianship upon motion of the person to whom the amount is due and to enforce the payment of such amount is conferred by G. L. c. 215, § 39, and the enforcement accomplished in the same manner as a like payment under a decree in equity. Section 39A of the same chapter, inserted by St. 1947, c. 536, among other provisions, permits attorneys to petition the court for the establishment and payment of their claims for expenses incurred and for services rendered to a guardianship estate or any person interested therein. See *Condon* v. *Haitsma*, 325 Mass. 371, 374; *Miller* v. *Stern*, 326 Mass. 296. The Probate Court therefore had jurisdiction to establish the amounts of the petitioner's claims and to enforce payment.

Both claims for services related to matters plainly material to the welfare of the ward. Those pertaining to the adjudication of the ward's sanity and the obtaining of his release from the insane hospital were rendered directly to the ward for his benefit and advantage and were properly chargeable to his estate. G. L. c. 201, § 37. Payment by the guardian would be allowable in his account. The services in connection with the murder indictment were apparently contracted by the guardian and he became personally liable for their payment. *Kingman* v. *Soule*, 132 Mass. 285, 288. *Eaton* v. *Walker*, 244 Mass. 23, 30. As he would be entitled to reimbursement for such payment from the estate by equitable substitution the petitioner could obtain an order for payment directly from the guardianship funds. *King* v.

*Stowell,* 211 Mass. 246, 251. *Tomlinson* v. *Flanagan,* 287 Mass. 38, 44–45. Newhall, Settlement of Estates (4th ed.) § 392.

As to the charge of $1,750 for accomplishing a determination of the ward's sanity and his consequent release from the hospital, we have no question that the award of the judge for that amount should stand. The services of Mr. Hale were unusual in character performed with pertinacity and skill in the face of opposition by the guardian and resulted in great benefit to the ward. That an attorney is entitled to be compensated for such services, although employed by a person who is legally incapable of entering into a contract, was decided in *Hallett* v. *Oakes,* 1 Cush. 296. In that case the plaintiff, an attorney, prosecuted a writ of habeas corpus at the request of the defendant to obtain his release from an insane asylum in which he was confined without legal process. Upon the hearing of the petition for the writ the defendant was remanded to the asylum as an insane person and a guardian appointed by the Probate Court. The court approved instructions to the jury that if "the plaintiff, at the request of the defendant, and acting in good faith, and upon due inquiry into the grounds and causes of his confinement, instituted and prosecuted the proper legal proceedings for a judicial inquiry into the grounds of the restraint imposed upon the defendant, the plaintiff would be entitled to recover a reasonable compensation for his services; and . . . such services might be regarded in the light of necessaries, for which the defendant would be liable, upon the same principle that minors are liable for necessaries." See *Belluci* v. *Foss,* 244 Mass. 401, 402–403; *Schaefer* v. *Schaefer,* 255 Mass. 175, 176. Authority elsewhere generally is in accord with the decision in *Hallett* v. *Oakes. Estate of Doyle,* 126 Cal. App. 646. *Templeman* v. *Pierson,* 334 Ill. App. 1. *Coffee* v. *Owens' Admr.* 216 Ky. 142. *In re Romero's Estate,* 131 N. Y. S. 2d 561. *In re Estate of Holder,* 168 Kans. 657.

As to the charge of $5,000 for services rendered in defence of the murder indictment, we think that it is too high. In § 39A it is stated that compensation shall be awarded "on

an equitable basis in accordance with the size, importance, complexity and difficulty of the matters involved and the time spent thereon." We need not repeat what we have previously said should be the criteria of a fair and reasonable charge on the part of an attorney. See *Cummings* v. *National Shawmut Bank,* 284 Mass. 563, 569; *McLaughlin* v. *Old Colony Trust Co.* 313 Mass. 329, 335; *McMahon* v. *Krapf,* 323 Mass. 118, 123; *Perry* v. *Perry,* 339 Mass. 470, 485–486. Mr. Hale entered his appearance for the defendant and prepared the case for trial. He arranged with the district attorney for a favorable disposal of the indictment and within a short time brought the prosecution to an end. We are not disposed to minimize the value of these services, but experience leads us to doubt whether in the circumstances great difficulty was encountered in prevailing upon the district attorney to conclude the prosecution. It does not appear whether in fact the murder could then have been proved. Having in mind that the maximum compensation allowed an attorney who is assigned to defend a first degree case is $1,000 (Rule 95 of the Superior Court [1954]) and considering the financial condition of the ward, we think that the award for defending against the indictment for second degree murder should be not more than $3,000. The decree should therefore be modified as to amount to provide for a total award of $5,026.30.

In his decree the judge made no order of payment. Section 39A states that "[t]he court may direct payment . . . [of the amount determined] from the estate generally or from funds in the hands of the representative of the estate . . . ." Where the decree purports to be a final decree establishing an indebtedness and the decree fails to order payment, it is customary to modify the decree by providing for such payment. See *Trustees of Dartmouth College* v. *Quincy,* 331 Mass. 219, 227–228; *Jones* v. *Fraser,* 305 Mass. 147, 149; *Whitman* v. *Jones,* 322 Mass. 340, 344. But in this case the appellants contend that under 38 U. S. C. (1952) § 454a, the funds of the ward held by the guardian are exempt "from the claims of creditors, and shall not be

liable to attachment, levy, or seizure by or under any legal or equitable process whatever, either before or after receipt by the beneficiary."

Before ordering payment from the estate it must first be determined whether the funds therein are exempt. It is generally held that the exempt status of pensions after receipt by a beneficiary or his guardian is lost where the proceeds are invested in another form. *Carrier* v. *Bryant*, 306 U. S. 545. *McCurry* v. *Peek*, 54 Ga. App. 341. *In re Bowen*, 141 Ohio St. 602. *In re Guardianship of Letourneau*, 238 Wis. 473.

In order to obtain the requisite facts bearing on the claimed exemption and that the appropriate decree may be entered we retain the case and direct the judge to report the facts as to the present nature and form of the corpus of the guardianship estate, taking further evidence if necessary. See G. L. c. 231, § 125A; *H. B. Budding Co.* v. *Boddie*, 331 Mass. 267, 270.

*So ordered.*