SAMUEL FRILICH *vs.* SIMON ALTSTEIN & another. March 10, 1975. The sole issue presented upon this appeal from a decree of a Probate Court appointing an administrator is whether due notice of a hearing on the allowance of the petition was given to the appellants who claim to be persons interested in the decedent's estate. No request was made of the judge for a report of material facts nor is there a transcript of the evidence. In these circumstances "all that is open is whether the decree could have been entered on the pleadings." *Bannish* v. *Bannish,* 357 Mass. 279, 281 (1970). *Marean* v. *Kershaw,* 281 Mass. 332, 333 (1933). From the sparse record before us, it appears that the appellants are a niece and a nephew of the decedent and also the children of one of two brothers, the brothers being the decedent's next of kin. The latter representation is made not only in the petition for administration brought by the other brother which was allowed but also in a cross petition for administration filed by one of the appellants. The record reveals that the appellants' father received notice of the petition which was allowed and that no appearance against it was filed in his behalf. It follows that (1) since they were not next of kin, the appellants lacked standing as interested persons, either to bring or oppose a petition for administration of this estate (see G. L. c. 193, § 1; *Cassidy* v. *Truscott,* 287 Mass. 515, 523 [1934]; compare *Stamper* v. *Stanwood,* 339 Mass. 549, 550-551 [1959]), and (2) no error is apparent on this record in the entry of the decree appointing an administrator on the petition of that brother which recited that the appointment was made "after hearing" and that "all persons interested have had due notice according to the order of the court."

*Decree affirmed.*

*Paul H. Rothschild* for Simon Altstein & another.
*Elihu Pearlman* for Samuel Frilich.