CHARLES F. NAYOR *vs.* MARILYN PRESSMAN, guardian. December 10, 1982. The petitioner, an attorney, appeals from an order of a probate judge, dismissing his petition for an order directing the guardian to pay his fees for services rendered on behalf of a person adjudged to be mentally incompetent and under guardianship. The guardian opposed the petition. There is no report of material facts or evidence before this court, as the petitioner failed to request, as was his right, that the judge report the facts upon which the order was premised. See G. L. c. 215, § 11, as appearing in St. 1975, c. 400, § 58. Our review is limited to determining whether the judge's order could be properly entered, based upon the pleadings. *Bannish* v. *Bannish,* 357 Mass. 279, 281 (1970). *Frilich* v. *Altstein,* 3 Mass. App. Ct. 720 (1975). The petition alleged that the petitioner had represented the ward in some undisclosed proceeding before a Probate Court. It was not alleged, however, that the services that the petitioner rendered were in the nature of necessaries or that the guardian had consented to the petitioner's providing the services. The ward was not legally competent to enter into an enforceable contract. *Parry* v. *Parry,* 316 Mass. 692, 696 (1944), and cases cited. The bare record before us

affords no basis for implying an enforceable agreement on some other ground. Compare *Hallett* v. *Oakes,* 1 Cush. 296, 298-299 (1848); *Hale* v. *Gravallese,* 340 Mass. 96, 100 (1959). The petitioner has not sustained his burden of showing prejudicial error in the dismissal of his petition. *Corman Realty, Inc.* v. *Rothstein,* 4 Mass. App. Ct. 777 (1976).

*Order affirmed.*

*John F. Trefethen, Jr.,* for the petitioner.
*Irving L. Greenbaum* for the guardian.