R. M. WILLIAMSON, Plaintiff and Respondent, *v.* DONALD J. SKERRITT, as Sheriff of Gallatin County, Montana, UNITED STATES FIDELITY AND GUARANTY COMPANY, a Corporation, and UNION BANK AND TRUST COMPANY, a Corporation, Defendants and Appellants.

No. 10366

Submitted June 15, 1962. Decided January 29, 1963.

378 P.2d 215.

Luxan & Scribner, Helena, Walter S. Murfitt (argued), Helena, for appellants.

Keister & Bennett, Lyman Bennett (argued), Bozeman, for respondent.

Wesley W. Wertz, Helena, amicus curiae.

MR. JUSTICE DOYLE delivered the Opinion of the Court.

This is an appeal from a judgment of the district court of the eighteenth judicial district of the State of Montana, in and for the County of Gallatin.

The cause was submitted to the trial judge on an agreed statement of facts on March 31, 1961, and judgment for the plaintiff was dated July 5, 1961. The plaintiff recovered the sum of $543.20 with interest from July 6, 1960. The appellant sheriff of Gallatin County, Donald J. Skerritt, had judgment rendered against him in the sum of $150 for the alleged illegal acts performed by him at the instance and request of the other defendants and appellants.

The factual situation is neither complicated nor of any great length. On January 29, 1960, Capital Motors Inc., of Helena, sold to Fred L. Boone of Helena, a 1955 Mercury Sport Coupe under a retail installment contract whereby Boone specifically agreed that title to the automobile was to remain in the Capital Motors, until all of the amounts due under the installment contract were paid in full. This installment contract provided further that it might be assigned without notice, and that the assignee would succeed to all the rights of the said Capital Motors. Thereafter, the retail installment contract was assigned to the appellant Union Bank and Trust Company in Helena, Montana, who on February 10, 1960, caused the contract and assignment to be filed in the office of the Registrar of Motor Vehicles at Deer Lodge. Title was delivered to the purchaser Fred L. Boone, subject to the security interest of Capital Motors, and the assignee, Union Bank and Trust Company.

On March 24, 1960, the respondent, R. M. Williamson, at the instance and request of Fred L. Boone, took the Mercury

automobile into his shop at Bozeman, Montana, and performed certain work and furnished materials for its repair, all of this being done without the knowledge or consent of the appellant Union Bank and Trust Company, the conditional vendor. No notice, either oral or in writing, was given to the Bank within ten days after receiving possession of the automobile by the respondent, that the respondent intended to assert a lien thereon for the work and labor and the materials furnished.

On May 11, 1960, the Bank made a demand upon the respondent for the return of the automobile, which demand was refused.

On July 1, 1960, upon the demand of the Bank, Donald J. Skerritt, Sheriff of Gallatin County, Montana, took possession of the automobile and thereafter on July 19, 1960, sold the automobile to the Bank after the Bank had indemnified Sheriff Skerritt, by a written undertaking in the amount of $900.

On September 30, 1960, the respondent commenced this action for the recovery of the $543.20 for work and labor performed and materials furnished on the car, and claimed a lien on the said automobile under the provisions of section 45-1106, R.C.M.1947.

The only question to be decided by this court is whether the vendor of a motor vehicle, under a conditional sales contract which has been filed with the Registrar of Motor Vehicles, and which fact has been endorsed on the certificate of title, as a prior interest in such motor vehicle that is dominant to the lien of a repairman who furnished work, labor and material without notice to the conditional vendor, and which arose subsequent in time, to the filing of the said conditional sales contract.

Respondent relies on the provisions of section 45-1106, R.C.M.1947, which is the statute relating to agisters' liens and liens for service. The material part of this section is as follows:

*"The lien hereby created shall not take precedence over the lien of prior chattel mortgages or other recorded liens on the*

*property involved, unless within ten days from the time of receiving the property, the person desiring to assert a lien thereon shall give notice in writing to said mortgagee or other lien holder,* stating his intention to assert a lien on said property, under the terms of this act, and stating the nature and approximate amount of the work, * * * performed * * * or intended to be performed * * * therefor."

Respondent contends that the conditional sales contract or retail installment contract filed with the Registrar of Motor Vehicles by the Bank on February 10, 1960, is not a lien. In support of such contention he cites the case of Hougham v. Rowland, 33 Cal.App.2d 11, 90 P.2d 860. In the Hougham case, the appellant was a wholesale used car dealer, and respondent a retail used car dealer, and they entered into an oral conditional sales agreement for the purchase of sixteen vehicles for resale. The matter of concern in that case was the question of a writ of attachment.

The respondent further cites the case of Phelps v. Loupias, 97 Cal.App.2d 350, 217 P.2d 748, a California case involving the conversion of some machinery for a laundry in which the parties entered into a joint adventure agreement. The California court, quoting from the other cases, held that the security retained by the seller is not a lien, but is a reservation of title and that a conditional vendee receives nothing more than a conditional right of possession and that a conditional vendee is in the position of a mere possessor.

These cases are not persuasive here.

In the instant cause, the buyer, without notice to the vendor, incurred a substantial repair and labor bill, which action under the provisions of the conditional sales contract gave the appellant the right to immediate possession of the vehicle.

The Legislature of the State of Montana enacted sections 53-101 to 53-144, R.C.M.1947, which deal solely with the registration of motor vehicles, prescribe the duty of the Registrar, and provide for the payment of fees for certain acts of

the Registrar. These are the controlling statutes in all cases of motor vehicles in the State of Montana.

It can thus be seen that it was the plain intent of the legislature in sections 53-101 to 53-144, inclusive, to cover all of the facets appertaining to motor vehicles within the State of Montana.

The controlling section regarding the filing of liens, rights, procedure, and fees is section 53-110 and contains eight subdivisions. The four pertinent subdivisions of section 53-110 are (a), (b), (c), and (f), which provide:

"(a)  No chattel mortgage, conditional sales contract, lease or other lien on a motor vehicle shall be valid as against creditors, subsequent purchasers or encumbrancers unless and until such mortgage, conditional sales contract, lease or other lien, or a true copy thereof certified by a notary public has been filed with the registrar of motor vehicles as hereinafter provided; the registrar shall not file any mortgage, conditional sales contract, lease or other lien unless such mortgage, conditional sales contract, lease or other lien is accompanied by the certificate of ownership of such vehicle, except in the sale of a new motor vehicle by a duly licensed dealer, and when such mortgage, conditional sales contract, lease or other lien or certified copy thereof is so presented for filing the registrar shall file the same entering upon his records the name and address of the mortgagee, conditional sales vendor, lessor, or other lienor together with the amount of the lien and he shall at the same time endorse the same information upon the face of the certificate of ownership, mailing a statement certifying to the filing of such mortgage, conditional sales contract, lease or other lien, to the mortgagee, vendor, or other lienor and mail the certificate of ownership to the owner at the address given on said certificate. The owner being the person entitled to operate and possess such motor vehicle.

"(b)  A chattel mortgage on a motor vehicle is hereby expressly excepted from the provisions of sections 52-304 to

52-306 inclusive and a conditional sales contract on a motor vehicle is hereby excepted from the provisions of sections 74-204 to 74-206 inclusive in so far only as they relate to the place of filing of chattel mortgages, affidavits of renewal, conditional sales contracts or releases.

"(c) From and after the filing of any mortgage, conditional sales contract, lease, or other lien, or copy thereof on any motor vehicle, as herein provided, then and in that event such mortgage, conditional sales contract, lease or other lien shall be constructive notice of the said mortgage, conditional sales contract, lease or other lien and its contents to subsequent purchasers and encumbrancers. * * *

"(f) Upon receipt of any liens, or notice of liens dependent on possession, or attachment, etc., against the record of any motor vehicle registered in this state, the registrar shall within 24 hours, mail to the owner, conditional sale vendor, mortgagees, or assignees of any thereof a notice showing the name and address of the lien claimant, amount of the lien, date of execution of lien, and in the case of attachment the full title of the court and the action and the name of the attorneys for the plaintiff and/or attaching creditor."

With reference to subsection (b) it should be noted that section 74-204, deals with the filing of contracts for the sale of personal property; section 74-205 deals with the duties of the county clerk and recorder, and section 74-206 provides for the release and satisfaction of the obligation by the vendor and the penalty for failure to do so.

Section 53-110, as amended, has been the law of the State of Montana since its enactment in 1933. This section confers a lien preference on a specific class of personal property.

In State v. Holt, 121 Mont. 459, 476, 194 P.2d 651, 661, this court said:

"* * * Under the long settled and universal rule of construction, the provision of the special Act must prevail over the general provisions of the general law when the special and general

laws are in conflict. And especially so where, as here, the special act treats the subject in a minute and definite way. And the rule is particularly compelling where, as here, the special Act treating of sales by the state's licensees, was enacted subsequent to the passage of the state liquor control Act prohibiting all sales of liquor except under state control. Here it is the latest expression of the legislative intention, and the special statute prevails in all cases coming within its field and scope. And this is the rule though the special law antedates the general.''

To the same effect is Adair v. Schnack, 117 Mont. 377, 161 P.2d 641, where this court stated:

'' 'It is a rule of universal application in the construction of statutes that—''Where one act deals with a subject generally and another with a part of the same subject, * * * the special statute prevails over the general one.'' ' Franzke v. Fergus County, 76 Mont. 150, 245 P. 962, 965.''

To the same effect is In re Stevenson's Estate, 87 Mont. 486, 498, 289 P. 566, where this court held: ''Where one statute deals with a subject in general and comprehensive terms and another deals with a part of the same subject in a more minute and definite way, to the extent of any necessary repugnancy between them the special will prevail over the general statute.''

To the same effect is In re Wilson's Estate, 102 Mont. 178, 56 P.2d 733, 105 A.L.R. 367; Stadler v. City of Helena, 46 Mont. 128, 127 P. 454; Reagan v. Boyd, 59 Mont. 453, 197 P. 832.

Respondent argues that since the statute (section 45-1106) does not include the term *conditional sales contract,* along with chattel mortgages, it is not included. This is to say, that the catchall term ''other recorded liens'' does not include obligations under conditional sales contracts. He then argues that a ''lien'' in a technical or common-law sense does not include obligations under conditional sales contracts since that contract is a security device only.

We hold this to be too narrow a definition of the term "other recorded liens" as used by the legislature.

Clearly, there is a statutory charging lien as the term is frequently used, and to confine and restrict the term to a stilted technical meaning does not carry out the broad purposes of the Montana Motor Vehicle Act.

A review of the authorities discloses that thirty-five states have comprehensive title certificate legislation which explicitly provides that constructive notice of liens must be achieved through the certificate of title to the exclusion of general filing or reporting statutes. The machinery for recording liens with a central motor vehicle department and noting liens upon the title instrument is clearly provided for in the statutes of the State of Montana, and it therefore follows that one must strain to the utmost to suppose that the Legislature intended to provide two separate places for recording public notice of liens upon motor vehicles. In Montana as in the other thirty-four states, the tendency of the courts has been to hold that the liens must be shown upon the title certificate for protection against third parties, and the local records are closed to motor vehicle liens.

One way or another, in all states, the field of conditional sales contracts, chattel mortgages, repair and storage liens of the vehicle, is governed by statutory law and judicial court interpretations based thereon.

A careful review of these authorities on this precise question discloses that there is a complete lack of unanimity, both as to the wording of such statutes and their judicial interpretation.

Confronted with this truth, this court is duty bound to construe and judicially determine, section 45-1106 and section 53-110 supra, as they are written, avoiding the multiple and confusing decisions of our sister states, because none of them contain the exact language present in the two statutes under consideration in this cause.

Considering now section 45-1106, R.C.M.1947, this section was amended to its present form in 1921 and under the amendment the agisters' lien could rise in dealings with either the owner "or lawful claimant thereof," but in the same amendment the legislature included the provisions with reference to notice and priority.

However, in subsection (c) of section 53-110, supra, as to motor vehicles it specifically provides that the filing of a conditional sales contract in accordance with the act is constructive notice of the contract and its contents to subsequent incumbrancers.

Plaintiff admits that his claim arose on March 24, 1960, which is subsequent to the date that the defendant Bank filed its contract which was February 10, 1960. Section 53-110, supra, is clear as to the rights of conditional vendors and other lien holders whose interests have been filed with the Registrar of Motor Vehicles and this disposes of the question here presented.

It was the duty of the respondent Williamson to ascertain the status of the automobile before he began these extensive repairs. This he failed to do.

In Savings Bank v. Creswell, 100 U.S. 630, 643, 25 L.Ed. 713, the United States Supreme Court held that "where one of two innocent persons must suffer a loss, it should fall on him who by reasonable diligence or care could have protected himself, rather than on him who could not."

To do other than to reverse the judgment in this cause would open a Pandora's box whereby a repairman or an artisan without notice could not only repair but even "enhance" and "improve" a motor vehicle without the knowledge of the conditional sales vendor, and require the conditional vendor to pay the "improvement" or "repair" costs, since it might be cheaper for him to forego and waive his legal right to the personal property than to pay the claimed costs.

We hold that the appellants, having complied with

the provisions of the code relating to motor vehicles, are correct in their contention, and by reason thereof the judgment is reversed.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICE CASTLES concur.

MR. JUSTICE JOHN C. HARRISON:

I concur in the result, but not in all that is said therein.

Title 53, R.C.M.1947, deals with motor vehicles in a specific manner. Section 45-1106, R.C.M.1947, deals with general possessory liens. It is well-recognized that a special statute controls over a general statute *where the two are in conflict*.

I do not agree that the two are irreconcilable or are repugnant to each other.

It is clear from a reading of section 53-110, subd. (f), quoted in the majority opinion, that a lien dependent upon possession is contemplated by the motor vehicle statute. Section 45-1106 creates such a lien. There is nothing contained in the remainder of section 53-110 which precludes a mechanic from exerting a possessory lien upon a motor vehicle, provided he complies with the requirements of registration of such "liens, or notice of liens dependent on possession, or attachment."

Section 45-1106 not only creates a possessory lien, but a lien which is preferential to "prior chattel mortgages or other recorded liens on the property involved" if "within ten days from the time of receiving the property, the person desiring to assert a lien thereon shall give notice in writing."

If the mechanic complies with the requirement of registration, then by the normal operation of section 53-110, subd. (f) which requires the registrar to give notice within 24 hours to the "owner, conditional sale vendor, mortgagees, or assignees", the requirements of section 45-1106 will be fulfilled. The two are not in conflict in this regard.

In the instant case, it is clear that plaintiff-respondent Wil-

liamson neither notified the registrar, nor sent a written notice to appellant Bank.

Had plaintiff complied with the requirements of the statutes, there is no sound reason why he could not have maintained his possessory lien even against a conditional sales vendor.

Section 45-1106 clearly creates a preference. The majority statement that section 53-110 creates a preference is not borne out either by the statute or case authority. The statute reads: "(a) No chattel mortgage, conditional sales contract, lease or other lien on a motor vehicle shall be *valid* as against creditors, subsequent purchasers or encumbrancers unless and until * * *."

There is nothing contained therein which creates a preference, but rather the statute goes to validity. Moreover, it is clear from section 53-110, subd. (f) that later "liens * * * dependent on possession, or attachments" are contemplated as being both valid and preferential to an existing chattel mortgage, conditional sales contract or other lien.

I do not believe that by passing the motor vehicle act, that the Legislature intended to destroy the possessory lien created by statute almost a century ago. Since the two may be harmonized, if it is the intent of the majority to hold that a diligent mechanic may not exert a possessory lien on an automobile secured by a conditional sales contract or chattel mortgage, I disagree.

MR. JUSTICE ADAIR:

I dissent and reserve the right to file my opinion later.