458

ALLEN L. McALEAR, Plaintiff and Appellant, *v.* UNEM-
PLOYMENT COMPENSATION COMMISSION of Mon-
tana, Defendant and Respondent.

No. 10854.
Submitted March 10, 1965. Decided May 3, 1965.
405 P.2d 219.

Allen L. McAlear (argued), Bozeman, for appellant.

Chadwick H. Smith (argued), Helena, Edward C. Schroeter, Helena, for respondent.

MR. JUSTICE JOHN C. HARRISON delivered the Opinion of the Court.

This is a case tried before the Honorable W. W. Lessley, District Judge of the eighteenth judicial district, in and for the County of Gallatin, tried without any jury and submitted to the district judge on an agreed statement of facts. From

the finding for the defendant Commission the appellant brings this appeal.

The plaintiff, hereinafter referred to as the appellant, brought the action to recover attorney's fees, alleging an attorney's lien against the Unemployment Compensation. The facts are best set forth in the statement of case by the appellant.

"One cold day in February, two years ago, three roughly dressed men came into my office with long faces and empty pockets. They had been working for the Idaho Pole Company as loggers for several months with the promise that they could have a job all winter by logging in a lower location when the snow got deep. They were working in Hyalite Canyon on January 8, 1962, and when the snow got four to five feet deep they asked their employer to move they were told that there wasn't any available work in a lower location. Thereupon they went to town where they applied for unemployment compensation stating: that they had been 'laid off because of bad weather.'

"The Montana Unemployment Compensation Commission inquired of the employer and learned that the jobs were still available in that the trees were still there to be cut and [on the basis of this information] they were denied compensation and were [administratively found guilty] convicted of fraud, and lost entitlement to unemployment compensation for a year unless they appealed within five days."

The appellant then sets forth that these three men asked for his help, that he filed notices of appeal, and that they were set up for a hearing on March 8, 1962. The appellant alleged, and the respondent Unemployment Compensation Commission did not deny that a hearing was had, nor that as a result of the hearing the hearings commission reversed the decision charging the three men with fraud, and allowed compensation to the claimants a total amount of $238, $68 each being paid to two of the claimants and $104 to the third.

As a result of the hearing held on April 13, 1962, the Montana Unemployment Compensation Commission did not make

any order to cover the attorney's fee, nor did they withhold any amounts for attorney's fees, nor did they notify the appellant attorney that the result of the hearing was a decision in favor of his three clients, and that they had been paid. The appellant attorney, upon hearing that his clients had been paid, filed an attorney's lien with the respondent Commission which was denied. The only fact situation added to the appellant's fact situation is that nowhere in the record is there any finding of the request by the appellant for the approval of attorney's fees. The respondent alleges that at the time claim for lien was filed with the Commission there was no further unemployment compensation due which could be held by it for the benefit of the claimant's debtors, all of which resulted in it being a cold day for the attorney when he tried to collect a fee for services so meritoriously given by him. If he erred in any way, it was in giving to three such undeserving clients the services that he performed.

Both the appellant and respondent are in agreement that two sections of the code covering the Unemployment Compensation Act are controlling in so far as their arguments are concerned. The appellant argues, as will be hereinafter pointed out, that section 93-2120, R.C.M.1947, the attorney lien section, must be considered in the argument also. The two sections of the Montana Unemployment Compensation Law hereinbefore referred to as sections 87-142, and 87-143, provide as follows:

"87-142. *Limitation of fees.* No individual claiming benefits shall be charged fees of any kind in any proceeding under this act by the commission or its representatives or by any court or any officer thereof. Any individual claiming benefits in any proceeding before the chairman of an appeal tribunal or the commission or its representatives or a court may be represented by counsel or other duly authorized agent; but no such counsel or agents shall either charge or receive for such services more than an amount approved by the commission. Any person who violates any provision of this section shall, for each such of-

fense, be fined not more than five hundred ($500.00) dollars, or imprisoned for not more than six (6) months, or both."

"87-143. *No assignment of benefits—exemptions.* Any assignment, pledge, or encumbrance of any right to benefits which are or may become due or payable under this act shall be void; and such rights to benefits shall be exempt from levy, execution, attachment, or any other remedy whatsoever provided for the collection of debt; and benefits received by any individual, so long as they are not mingled with other funds of the recipient, shall be exempt from any remedy whatsoever for the collection of all debts except debts incurred for necessaries furnished to such individual or his spouse, or dependents during the time when such individual was unemployed. Any waiver of any exemption provided for in this section shall be void."

The statute, section 87-142, supra, plainly shows that the claimant is not to be charged any fees of any kind by the State in any proceedings under the Unemployment Compensation Act, the statute provides that an attorney may represent a claimant in any proceedings before *the Chairman of the tribunal or the Commission* or he may represent in *any* court but that said attorney could not charge or receive anything for such services other than the amount that would be approved by the Commission. Reading the Act, and cases that have interpreted the Act in other jurisdictions, it would appear that this section of the code so far as attorneys are concerned should have been put under the charitable exemption provisions of our law, insofar as legal fees are concerned, for *the Act does not* and *cannot be read* to include covering the attorney for his services, rendered under the provisions of the attorney's lien. However, in reading section 87-142 along with section 87-143, wherein it provides that any assignment or pledge or encumbrance of any kind will be void, "except debts incurred for *necessaries* furnished to such individual or his spouse, or dependents during the time when such individual was unemployed," we are faced with another question of whether or not

legal fees are "necessaries." This court must conclude that in instances, such as this, where the services rendered restored three men to the rolls of the Unemployment Compensation Commission, set aside a one-year purge from those rolls of the Unemployment Compensation Commission, and cleared their names of fraud that in such instance attorney's fees most certainly should be considered as a debt incurred for "necessaries," in cases other than those arising within section 87-143, wherein there is no provision to withhold such fees from claimant's check. What are "necessaries" depends upon the facts of each case, and stated another way, whether legal services are to be considered "necessaries" depends upon whether there was a necessity for such services. Leonard v. Alexander, 50 Cal. App.2d 385, 122 P.2d 984; City National Bank & Trust v. Sewell, 300 Ill.App. 582, 21 N.E.2d 810, 813; Stone v. Conkle, 31 Cal.App.2d 348, 88 P.2d 197; In re Guardianship of Schulte, 231 Iowa 237, 1 N.W.2d 193; Fenn v. Hart Dairy Co., 231 Mo. App. 1005, 83 S.W.2d 120; Caruso v. United States, (U.S.D.C. N.J.1964), 236 F.Supp. 88.

The argument of counsel for respondent, that should this court find for the appellant and make the fund liable in such cases, that the Federal Government will withhold committed funds leaves this court unimpressed. We have witnessed in the past few years a rising interest and demand by the Federal Judicial system for state courts to guarantee the rights of litigants to counsel—particularly in the field of criminal law. For decades in the Federal Court, the bar of this state and nation have served indigent clients at great personal financial sacrifice, much to the unheralded credit of the profession. We think it of equal import that litigants have counsel in civil cases, particularly when they are indigent and more particularly when some state or federal administrative agency has deprived the litigant of basic rights as the facts in this case disclose.

In the recent case, Caruso v. United States, 236 F.Supp. 88,

a Federal District Court allowed a civil servant to deduct for income tax purposes a $3,600 attorney's fee expended to obtain reinstatement to the top of the list and the appointment, as "ordinary and necessary" expenses paid or incurred for production or collection of income. Certainly, that case presented the court a no more meritorious case for recognizing attorney's costs as "necessaries" than does the present case even though the law did not recognize them as such.

The appellant here contends that section 93-2120, R.C.M. 1947, the attorney lien statute, was passed early in the State's history in 1895, that it was re-enacted in 1907 and again in 1921, and that the enactment of the Unemployment Compensation Law in 1937 did not amend or repeal the earlier statute. Therefore, the earlier statutory authority prevails.

This argument we do not think can prevail. The attorney lien statute is a general statute relating to attorney's liens, while the Unemployment Compensation Law, Chapter 87 of our Code, was and is a special law enacted to help control unemployment and as such it is a special statute. Admittedly, the laws are in conflict as they concern payment of attorney's fees for services authorized and rendered under Chapter 87. In such instances, this court has previously said in a number of cases that where there is one statute dealing with a subject in general and comprehensive terms, and another dealing with a part of the same subject in a more minute and definite way, the two should be read together and harmonized, if possible, with a view to giving effect to a consistent legislative policy; but, to the extent of any necessary repugnance between them, the special will prevail over the general. Williamson v. Skerritt, 141 Mont. 422, 378 P.2d 215; State v. Holt, 121 Mont. 459, 194 P.2d 651.

The appellant, having failed to notify the respondent Commission that he represented the clients on a contingent fee basis, and not having requested notification from respondent when the decision was made in order that he could contact his

clients and make arrangements to be paid, cannot, unfortunately, proceed against either the respondent Commission or the State of Montana. His brief and argument contain merit, but they should be addressed to the Legislature, not to the courts.

Judgment affirmed.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICE DOYLE concur.

MR. JUSTICE CASTLES:

I concur in the result only.

MR. JUSTICE ADAIR:

I dissent and reserve the right to file my reasons for such dissent later.