No. 12822

IN THE SUPREME COURT OF THE STATE OF MONTANA

1975

---

THE STATE OF MONTANA,

        Plaintiff and Respondent,

   -vs-

MARLIN KOLSTAD,

        Defendant and Appellant.

---

Appeal from: District Court of the Thirteenth Judicial District,
            Honorable Robert Wilson, Judge presiding.

Counsel of Record:

    For Appellant:

        John L. Adams, Jr. argued, Billings, Montana

    For Respondent:

        Hon. Robert L. Woodahl, Attorney General, Helena,
         Montana
        Thomas A. Budewitz, Assistant Attorney General,
         argued, Helena, Montana
        Harold F. Hanser, County Attorney, Billings, Montana
        Charles A. Bradley, Deputy County Attorney, appeared,
         Billings, Montana

---

                    Submitted: January 17, 1975

                    Decided: FEB 11 1975

Filed: FEB 11 1975

*Thomas J. Kearney*
                      Clerk

Mr. Justice Wesley Castles delivered the Opinion of the Court.

This is an appeal by defendant Marlin Kolstad from a judgment of the district court, Yellowstone County, rendered upon a jury verdict, convicting him of burglary in the first degree.

On August 19, 1973, at approximately 12:30 a.m., officers of the Billings Police Department responded to an alarm at the Carl Wiseman and Sons, Inc. warehouse. Upon arriving at the warehouse, they found all doors secure except for the door on the east side. They entered the building by this door and found the building dark inside. Inside the door they found a bolt cutter and a severed padlock. These two items were entered into evidence. The lights were turned on and a systematic search of the building was conducted. The search revealed Robert Johnson and defendant lying beneath a truck parked in the warehouse. There was beer in the hand of each of the parties. Neither of these men were employees of Wiseman and Sons, nor did they enter the warehouse with permission of any employee. Testimony at trial indicated only Johnson and defendant were at the scene when the officers arrived and there was no evidence of others being present either before or after the occurrence.

Although defendant did not testify, his version of what occurred was set forth in State's Exhibit No. 12, an unsigned statement, the contents of which were read to the jury by a police officer for the city of Billings. The statement indicated that Bob Johnson, his wife, Sandy Wirtman, and defendant were in Johnson's home when they heard a noise and noticed the windshield of Johnson's car had been broken. They started in pursuit of the supposed vandals when they saw them run into the warehouse. The door being open, Johnson and defendant pursued them into the warehouse. As they were about to leave, they saw police cars

outside and hid to prevent discovery of their presence on the premises. No further testimony or evidence was presented to substantiate this explanation.

In his opening statement to the jury, the prosecutor made the following comment which is alleged by defendant to be prejudicial, reversible error:

> "You will hear this officer, along with others, testify to this, that inside the building they found the lock from the building, cut, lying on the floor, and there will be a photograph of it. Near the lock was a set of bolt cutters and the bolt cutters had the letters S. M. on them. You will hear one of the officers testify that in the pickup truck, which was registered to the other man under the truck, inside the building, was a set of pipe cutters with the same initials, S.M."

During the course of the trial, the prosecutor made an offer of proof to the effect that the Billings police officer on the stand would testify that he looked into a pickup truck parked approximately 200 yards from the warehouse and that he observed in plain view a set of pipe cutters, stamped with the initials S.M. The offer of proof further stated that other witnesses would testify that this is the same manner in which tools belonging to Swain & Morris are marked and that this pickup was registered to Mr. Johnson. The district court excluded any evidence that this was the manner in which Swain & Morris stamp their tools but, with the proper foundation as to the ownership of the pickup, would allow the pipe cutters to be admitted in evidence and to be examined by the jury. The State failed to establish this foundation and, as a result, the evidence was not presented to the jury.

This appeal presents a single issue, namely, whether failure of the State to present evidence referred to in its opening statement constitutes reversible, prejudicial error warranting a new trial? We hold that it does not.

- 3 -

This Court on two previous occasions discussed this very issue:  State v. Zachmeier, 151 Mont. 256, 263, 441 P.2d 737, 741; State v. Ruona, 159 Mont. 507, 513, 499 P.2d 797, 800. In Zachmeier, a prosecution for murder, the county attorney, in his opening statement, made a detailed recitation of an admission of guilt made by the defendant, which included:

> "'I then grabbed a silk stocking and tied it around her throat.  I wasn't sure she was dead and I kept listening for a heart beat.  I could not be sure she was dead so I went into the kitchen and got a butcher knife and pushed it into her heart. I listened for a heart beat and felt her pulse.  I was sure she was dead so I left the house got into my car and went to the Lobby Lounge * * *.'"

The admission, however, was found to be constitutionally defective.  This Court recognized the highly prejudicial nature of this type of statement and remanded for a new trial.

In Ruona, a prosecution for criminal possession of dangerous drugs, the prosecution made reference in its opening statement to the jury to the effect that drugs had been found at 805 N. 27th Street.  Throughout the trial, the State made repeated attempts to introduce evidence concerning the house, which was characterized as a "hippy pad".  This Court found there was a failure of proof by the State of a relationship between defendant and the named premises.  The Court affirmed the conviction stating the test was:

> "'Is there a reasonable possibility that the inadmissible evidence might have contributed to the conviction?'"

In the instant appeal, defendant failed to object to these opening remarks.  The district court specifically instructed the jury, prior to opening statements, that it was to disregard any statements of counsel not supported by the evidence and it was only to consider the testimony of the witnesses upon the witness stand and such exhibits as were admitted in evidence.  The jury was reminded of this instruction at the close

of the trial, and the written instruction went to the jury room.  Except for the one sentence in the opening statement, no further comment regarding the pipe cutters was made within the hearing of the jury.

The opening remarks of this case do not compare to the gravity of the remarks in Zachmeier.  Therefore, we hold this reference in the opening statement was not of such a nature as to contribute to defendant's conviction.

The judgment of the trial court is affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____
Justices

- 5 -