No. 79-65

IN THE SUPREME COURT OF THE STATE OF MONTANA

1980

THE STATE OF MONTANA,

Plaintiff and Respondent,

-vs-

RODNEY ALLEN WEST,

Defendant and Appellant.

Appeal from: District Court of the Fourth Judicial District,
In and for the County of Missoula, The Honorable
John S. Henson, Judge presiding.

Counsel of Record:

For Appellant:

Smith, Connor & Van Valkenburg, Missoula, Montana
Paul Smith argued, Missoula, Montana

For Respondent:

Hon. Mike Greely, Attorney General, Helena, Montana
Mike McGrath argued, Assistant Attorney General,
Helena, Montana
Robert L. Deschamps, III, County Attorney, Missoula,
Montana
Michael Sehestedt argued, Deputy County Attorney,
Missoula, Montana

Submitted: September 16, 1980

Decided: OCT 23 1980

Filed: OCT 23 1980

Thomas J. Kearney
Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

Defendant Rodney Allen West appeals from a conviction and judgment of felony theft in violation of section 45-6-301, MCA. Judgment was entered in the District Court, Fourth Judicial District, Missoula County.

In the summer of 1977, a pickup truck was stolen from Bitterroot Toyota in Missoula. On July 26, 1977, defendant sold a truck, matching the description of the stolen truck, to John Wright in the State of Idaho. Wright was given a bill of sale and told the title would be delivered to him from Montana. When Wright took the truck in for insurance coverage, he discovered the vehicle identification number had been obliterated. Wright turned the bill of sale and the truck over to Idaho authorities who were able to obtain a series of potential serial numbers from the partial numbers available on the truck.

On February 26, 1979, defendant was charged by information with the felony theft of a truck bearing the vehicle identification number of CE142515821. At the beginning of the trial on July 9, 1979, the State moved to amend the vehicle identification number to read CCE142515821. The amendment was allowed over defendant's objection. The jury was then generally instructed that defendant was charged with the felony theft of a truck bearing the amended vehicle identification number.

Defendant moved in limine to exclude any testimony from Ted Beyers, an alleged accomplice of West. The motion was denied. During the State's opening remarks, the jury was told that the State would call a detective, Sgt. Wilson, who would relate a conversation he had with Beyers concerning how Beyers and defendant had stolen the truck. Defendant

-2-

objected and moved for a mistrial. The objection was sustained, but the motion was denied.

Defendant elected to give an opening statement following the State's. He propounded his defense which was based on faulty vehicle identification numbers which did not or could not identify the stolen truck. At this point, the State admitted an error in the information regarding the vehicle identification number. The State was permitted to amend the number in the information for a second time, this time striking the vehicle identification number from the information. Defendant then moved for a motion in limine of any testimony concerning the vehicle identification number stricken from the information. The motion was denied. During the State's case-in-chief, defendant was granted a continuing objection to any testimony regarding vehicle identification numbers.

On July 11, 1979, the jury rendered a verdict finding defendant guilty of felony theft. Defendant moved for a new trial on the ground that John Wright's testimony was not corroborated. This motion was denied. On August 13, 1979, defendant, a nondangerous offender, was sentenced to ten years in the state prison with credit for time already served.

Defendant has presented some twenty issues to be examined by this Court. However, only examination of (1) the issue of Detective Sgt. Wilson's testimony and its use in the State's opening argument, and (2) the sufficiency of the evidence need be reviewed by this Court.

Defendant contends that the District Court erred in refusing to grant a motion in limine and a mistrial based on proposed testimony of a State's witness which was later held

to be inadmissible. This claim of error stems from defendant's contention that certain remarks made by the prosecuting attorney during his opening statement were prejudicial. These remarks referred to information Ted Beyers, an alleged accomplice of defendant, had given to Detective Sgt. Michael Wilson.

Prior to trial defendant submitted a motion in limine precluding and prohibiting the State of Montana, its attorneys or witnesses from mentioning, referring to, or interrogating about any information that Ted Beyers had given to anyone, including Wilson. This motion was made on the basis that any such testimony would be strictly hearsay and would deprive defendant of his constitutional right to confront and examine the witnesses against him. The motion was denied, and the court advised counsel that it could be reviewed when and if the witness was sworn and an offer of proof made in chambers.

During his opening remarks, the prosecutor made the following statement:

> "We will then call Mike Wilson of the Clearwater County, Idaho Sheriff's office. Detective Sergeant Wilson will testify that individual known to him as Ted Beyers, the same Ted Beyers which was with Mr. Wright who he can't locate currently and who he has been looking for for some time, came in shortly after Mr. Wright had bought the pickup and wanted to talk to him about a pickup that he and Rodney Allen West had sold to John Wright. Mr. Wilson will relate the substance of that conversation was that Mr. Beyers and Carla Bray and the Defendant were in Missoula staying at the Palace Hotel. That they went out to the Bitterroot Toyota. The Defendant drove the vehicle from Bitterroot Toyota --" (Emphasis supplied.)

Defendant objected to this statement and in chambers moved for a mistrial based on the prejudice the statement would have on the jury. Counsel's objection was sustained,

-4-

but the court denied the motion for mistrial.

The hearsay testimony of Detective Sgt. Wilson regarding the statement made by Beyers was subsequently deemed inadmissible and not presented to the jury. Defendant asserts that the statement made by the prosecuting attorney during his opening remarks was highly prejudicial to defendant, could not be erased from the jury's mind and constituted reversible error.

This Court has faced similar issues on a number of previous occasions: State v. Zachmeier (1968), 151 Mont. 256, 441 P.2d 737; State v. Ruona (1972), 159 Mont. 507, 499 P.2d 797; State v. Kolstad (1975), 166 Mont. 185, 531 P.2d 1346.

Zachmeier was a homicide case. Prior to trial the defendant had filed a motion to suppress a confession for violation of Miranda warnings. At that time the court reserved ruling on the motion. At the beginning of trial the motion was renewed. The court denied the motion but granted the defense counsel leave to renew the motion at a later point in trial. When the confession was later offered into evidence the court ruled it was inadmissible. However, during opening remarks the county attorney made a detailed recitation of the admission of guilt made by the defendant. This Court held that those remarks in counsel's opening statement were reversible stating that, "[w]e do not think that the jury would completely disregard this detailed admission of guilt." 441 P.2d at 741.

In both Ruona and Kolstad, Zachmeier was distinguised on the facts:

"Zachmeier held that the damaging opening statements of prosecution were not of the nature that the jury would completely dis-

regard. Too, we are not unmindful of this
Court's admonitions in State v. Langan, 151
Mont. 558, 568, 445 P.2d 565 and cases cited
therein. Furthermore, as stated in Fahy v.
State of Connecticut, 375 U.S. 85, 84 S.Ct.
229, 11 L.Ed.2d 171, cited in Langan, the
test remains:

"'Is there a reasonable possibility that the
inadmissible evidence might have contributed
to the conviction?'" State v. Ruona, 499 P.2d
at 800.

We grant that Zachmeier is the extreme example and the

statement made by the prosecuting attorney in the present

case falls short of being as blatant. However, there is no

doubt as to what he was trying to convey to the jury and

little doubt that they picked it up. It necessarily follows

that there remained a "reasonable possibility that the

inadmissible evidence contributed to the conviction."

We next address defendant's issue concerning the suf-

ficiency of the evidence. At trial Detective William Faust

testified about the Chevrolet truck in Idaho being the same

one stolen in Missoula from Bitterroot Toyota. This testi-

mony was based solely or wholly on conjecture and probability.

The process of balancing vehicle identification numbers and

probabilities to identify a machine never seen and bearing

no complete set of vehicle identification numbers is not the

quality of evidence to be considered for conviction beyond a

reasonable doubt. No title in Bitterroot was ever furnished.

The truck was never returned from Idaho. Bitterroot had two

different vehicle identification numbers for the stolen

pickup truck in its file. The exact year model was never

determined on the Idaho truck. The Idaho pickup was sold to

an insurance carrier on October 31, 1977, and this date

failed to compliment other dates deemed of importance by the

State. In short, nothing in evidence proves that the truck

sold in Idaho was the truck taken from Missoula. And, there is no proof that defendant took the truck in Missoula. Furthermore, any proof that is acceptable would tend to prove a crime in the State of Idaho; there is no proof that defendant committed a crime in the State of Montana.

The admission of the evidence heretofore discussed was highly prejudicial and requires a reversal of defendant's conviction. Further examination of the remaining evidence indicates that there was lacking any sufficient, credible evidence for conviction of a crime in Montana, and there is little or no chance to improve the matter inasmuch as time has seen the truck and other evidence destroyed. It appears too many years elapsed, as is, to have obtained better evidence, if better evidence there was.

The conviction and judgment of the District Court is reversed, and the cause is dismissed with prejudice.

_____
Justice

We concur:

_____
Chief Justice

_____
Justices

_____
Honorable Gordon R. Bennett,
District Judge, sitting in place
of Mr. Justice John C. Sheehy

Mr. Justice Daniel J. Shea concurring:

I concur with both the reversal and dismissal ordered in this case. I add, however, that the trial courts should, as a matter of course when reserving a decision on a motion in limine, refuse to let the attorneys mention the allegedly admissible evidence to the jury before the time comes for an actual ruling on its admissibility.

If that is done, there would then be no danger of creating the prejudicial situation such as occurred here. Here, the trial court ultimately and properly ruled the evidence to be inadmissible but the jury had already heard what the evidence would be when the prosecutor made his opening statement. The jury could not eradicate these harmful statements from its mind in reaching its decision, and we must not delude ourselves into thinking it could do so.

_____
                Justice