In the Matter of the Application of MARIAN STEWART HONEYMAN for Revocation of Letters of Guardianship of MARTIN TAYLOR and LEANDER H. LaCHANCE.

(Surrogate's Court, Suffolk County, January, 1922.)

Guardian and ward — one of full age by law of her domicile, though a minor by the law of New York, is entitled to receive her property here.

> The law of New York that the term of office of a guardian expires when the ward attains the age of twenty-one years only affects a ward domiciled in New York state.
>
> A resident of and of full age — eighteen years — in the state of Illinois is entitled to a decree revoking letters of her guardianship in the state of New York, under the laws of which she is a minor, and requiring the guardian to account for and pay over to her forthwith her property in this state.

APPLICATION for revocation of letters of guardianship.

Robert B. Honeyman, for petitioner.

Platt, Field, Taylor & Patterson, for respondents.

PELLETREAU, S. This is an application of Marian Stewart Honeyman for the revocation of letters of guardianship of her guardians upon two grounds.

*First,* that she is a resident of Illinois, will be twenty years of age on the 24th of January, 1922, and that under the laws of Illinois she is of full age and entitled to her property.

*Second,* that the guardians should be removed for mismanagement and unlawful conduct in the performance of their duties.

It appears that Martin Taylor and Leander H. LaChance were appointed general guardians of

Marian Stewart (now Honeyman) in Suffolk county, N. Y., March 23, 1917. She became eighteen years of age on the 24th day of January, 1920, and in April, 1921, was married to Robert B. Honeyman, Jr. Considerable testimony has been taken as to the place of her residence before and since her marriage. Some of it is conflicting, but this court is of the opinion and definitely concludes that the said Marian Stewart Honeyman has an actual domicile in the state of Illinois and is a *bona fide* resident of that state. Since her marriage her husband became a resident of Illinois, being employed there, and with his wife, hire and occupy an apartment in Chicago in that state. They have no other home. A wife's domicile follows that of her husband. It is to her interest that she reside there, which is some evidence of her intention to reside in that state. The Stewart interests were largely located at Chicago, a considerable portion of her property was and is there and during her minority in that state she had guardians of her estate in the state of Illinois, duly appointed by the Probate Court of Cook county. The place of one's residence is a matter of intention. Since 1872, and perhaps before, females have been of full age when eighteen years of age, in the state of Illinois. The minority of Marian Stewart Honeyman ceased when she became eighteen years of age, under the laws of Illinois.

How does that affect the situation before this court where under the laws of New York minority continues until one is twenty-one years of age, and the term of office of a guardian expires when the infant attains the age of twenty-one years? It would seem reasonable, and the court is of the opinion that this statute only affects a ward domiciled in New York. As affecting a ward residing in another state it would seem on broad grounds that the word " twenty-one "

Misc.]   Surrogate's Court, Suffolk County, January, 1922.

means " coming of age " under the laws of the state constituting a residence and domicile of a ward.

As a principle of law a state will recognize and make effective in its courts the legislation of another state. It is a principle of comity which of necessity must exist between the states.

The English rule holds that one of full age by law of his domicile though a minor by law of England is entitled to receive his property in England and give valid receipt therefor.

Is there any question but that a resident of Illinois of full age in that state but a minor under the laws of New York could give a bill of sale for property in New York and that good title would pass under it as against an attack on the ground of infancy in a proceeding brought in this state to collect?

I am of the opinion that the petitioner, as a resident of and of full age in the state of Illinois, is entitled to her property in New York. It is her property. Possession is an incident of a right of property. In my opinion to withhold from the petitioner her property in New York is a clear violation of the property rights of a resident of another state and the constitutional provision guaranteeing property rights. Likewise, it would be a violation of the comity which exists between the states.

I am of the opinion and conclude that the petitioner is entitled to a decree that her guardianship in New York terminated when she became of full age under the laws of Illinois, the state of her domicile, that the letters be revoked as terminated, the guardians account and the funds forthwith be paid to her.

Taking the view as above expressed I do not deem it necessary to pass upon the charges of misconduct made against the guardians, and have not done so.

Decreed accordingly.