John D. Bennett, S.
This proceeding to remove a general guardian was instituted by a petition which alleged that the application was made under subdivisions 1, 4 and 7 of section 99 of the Surrogate’s Court Act. The applicable portion of section 99 reads: “ § 99. Removal, or revocation of letters for disqualification or misconduct. In either of the following cases, a creditor or person interested in the estate of a decedent, or a ward or friend of a ward, or a person beneficially interested in the execution of a trust, or any surety on a bond of a person to whom letters have been granted or of a trustee may present to the surrogate’s court having jurisdiction a petition, praying for a decree revoking those letters, or removing such trustee, and that the respondent may be cited to show cause why a decree should not be made accordingly: 1. Where the respondent was, when appointed or when letters were issued to him, or has since become incompetent, or disqualified by law to act as such, and the grounds of the objection did not exist, or the objection was not taken by the petitioner, or a person whom he represents, before the letters were granted or the appointment made. * * * 4. Where the grant of his letters, or his appointment was obtained by a false suggestion of a material fact. * * * 7. In case of a guardian where he has removed or is about to remove from the state, or where the interest of *760 the infant will be promoted by the appointment of another person as guardian.”
The petition alleges certain acts of misconduct as the basis for his removal. At the hearing the petitioner stated that she would base her right to the relief requested solely upon the fact that the infant was, at the time of the death of the decedent, and still is, married, over the age of 18 though under the age of 21 years, and has at all material times resided with her husband in the State of California.
These facts, conceded by all parties, it is argued, establish that under the California law the infant’s disabilities as a minor have been removed and that there is no further need for a general guardian in the estate now being administered. In support of this conclusion, the court has been referred to the following cases: Matter of Honeyman (117 Misc. 653, affd. 202 App. Div. 728); Matter of Golding (127 Misc. 821); Matter of Raynor (196 Misc. 459); Matter of Altman (138 N. Y. S. 2d 336).
None of the above-cited cases are precisely in point. They are authority for the general proposition that the State of the infant’s domicile governs the right of the infant to take and possess personal property. In each of these cases, the person involved, who would be an infant if domiciled in this State, sought possession of personal property. The courts recognizing the law of the domicile of the infant, authorized payment and delivery to the infant. In the instant case the estate is in the early stages of administration. There are no applications pending for payments to be made to the infant at this time. The mere fact that she will at some time in the future be entitled to possession of her property does not warrant the removal of the general guardian who is clothed in the interim with the responsibility of protecting her interest in her property in this State. This is particularly true where the infant resides some 3,000 miles away.
It is not necessary to distinguish the authorities above cited to deny this application. At the time of the decedent’s death the infant was married, over 18, and domiciled in California. She nevertheless petitioned for the appointment of the present general guardian. Dissatisfaction with the general guardian, or her present change of heart, are not sufficient grounds for the removal of a general guardian (cf. Matter of Edwards, 274 App. Div. 244).
Matter of Kirschner (220 N. Y. 373) places the burden here squarely on the petitioner. There the father of an infant sought to replace an aunt as guardian of the person and property of *761 the infant. The court stated at pages 377, 378: “ The surrogate inquired of counsel as to whether or not he questioned the morality of the father, the regularity of his marriage or married life, his financial ability to bring up the child or the fact that he was the father of the child. Counsel replied in the negative. Thereupon the surrogate stated, ‘ That is all there is to the matter, all other evidence is beside the question. ’ Counsel excepted to the ruling. The exception was well taken. It was not incumbent upon appellant to establish that she should not be removed as guardian of the infant until the proper issue was tendered. The burden of alleging and establishing that the interest of the infant would be promoted by the appointment of a guardian in her stead was upon the petitioner. The rule stated by the surrogate would require appellant to establish that the petitioner was not a suitable person to be appointed guardian, rather than to defend against a charge that the welfare of the infant would be promoted by her removal.” (See, also, 2 Warren’s Heaton on Surrogates’ Courts [6th ed.], § 132, par. 1, cl. [v].)
The right to the relief sought is purely statutory. None of the statutory grounds relied on in the petition were established at the hearings and in view of petitioner’s election to rest on the evidence already adduced, the proceeding must be dismissed.
Submit decree on notice.