467 P.2d 928

**In the Matter of the Estate of Curtis C. COSDEN, An Incompetent.**

**Harold B. ROGERS, Guardian of the Person of Curtis C. Cosden, an Incompetent, Appellant,**

v.

**SOUTHERN ARIZONA BANK & TRUST COMPANY, as Guardian of the Estate of Curtis C. Cosden, an Incompetent, Appellee.**

**No. 2 CA–CIV 783.**

Court of Appeals of Arizona, Division 2.
April 17, 1970.

Rehearing Denied May 6, 1970.
Review Denied June 9, 1970.

Murphy, Vinson & Hazlett, by John U. Vinson, Tucson, for appellant.

Gerald B. Hirsch, Tucson, for appellee.

HATHAWAY, Judge.

Mr. Curtis Cosden is an incompetent person under guardianship. The appellee, the Southern Arizona Bank and Trust Company, was appointed as guardian of his estate and the appellant was appointed as guardian of his person.

The appellant filed a petition seeking a change of guardians on the ground that the Southern Arizona Bank and Trust Company had become unsuitable to serve as guardian and was detrimental to the health of Mr. Cosden. This petition was denied, and thus this appeal.

The disposition of this matter is governed by the interpretation of A.R.S. § 14–817 and § 14–818. The superior court denied the appellant's petition assumably on the basis that he failed to prove the existence of any of the grounds enumerated in those statutes. The court's discretion to remove a guardian is not to be exercised arbitrarily or capriciously but is a legal discretion to be exercised with due regard to legal rights of all concerned. In re Farson's Estate, 77 Ariz. 196, 269 P.2d 600 (1954). In re Guardianship of O'Brien, 11 Ariz.App. 343, 464 P.2d 663 (1970).

A guardian should not be removed except for good cause or for the most cogent reasons, and he may not be removed at the mere caprice of the court or the complaining party. 39 C.J.S. Guardian and Ward § 45, p. 65.

It has been argued before us that the specific grounds enumerated in A.R.S. 14–818 govern over the general grounds in A.R.S. § 14–817, subsec. A, and thus they are the only possible grounds for removal. However, even if "unsuitability" is a valid

ground for removal, the appellant's claim must fail for lack of proof of such ground.

Mr. Cosden was adjudicated an incompetent and in 1960 entered Palo Verde Hospital suffering from severe chronic pathotonic schizophrenia. His condition has since improved and he is now living in an apartment at Devon Gables Nursing Home.

Over the years the bank, as guardian of the estate, usually dealt directly with Mr. Rogers, guardian of the person. Mr. Cosden's main complaint against the bank stems from the delays he encountered in receiving money he had requested from the bank through Mr. Rogers. A delay would result while the bank contacted Mr. Cosden's physician, Dr. Williams, to determine if the expenditure of funds was for Mr. Cosden's benefit and health. Dr. Williams testified that he knew of nothing that Mr. Cosden had requested or was required by him that ultimately was not received by Mr. Cosden, and this includes trips to Europe, Canada, and Mexico with a paid companion.

Another objection to the bank as guardian of the estate was that it did not maintain personal contact with Mr. Cosden and treat him as a "valid customer," but instead would relay information to him through Mr. Rogers and confer with Dr. Williams as to various expenditures. Further, Mr. Cosden apparently saw no reason why the bank could not automatically grant him a certain sum of money ($1,000 was suggested) without receiving approval from others.

A guardian must comply with certain statutory duties, A.R.S. § 14–806, subsec. C and § 14–810.[1] The delay in re-

1. A.R.S. § 14–806, subsec. C states:
"A guardian of the property shall safely keep the property of the ward. He shall not permit unnecessary waste or destruction of real property, but shall, so far as in his power, maintain the real property out of the income or other property of the estate and deliver it to the ward upon termination of his guardianship in as good condition as he received it."

A.R.S. § 14–810 states in part:
"The guardian shall manage the estate of the ward economically and without waste, and shall apply the income and profits thereof, as far as necessary to the comfortable and suitable maintenance and support of the ward * * *."

**90**

ceiving funds was due to the bank's compliance with these duties, and was for Mr. Cosden's ultimate benefit. Bell v. Bell, 44 Ariz. 520, 39 P.2d 629 (1934). The appellee as the guardian of Mr. Cosden's estate, and not of his person, is responsible for the safekeeping and preservation of his estate. As the guardian of the estate, appellee need not and perhaps it is best that it did not maintain a close personal relationship with Mr. Cosden. Further, Mr. Cosden's feelings toward the bank and the resulting detrimental effect on his health may have been brought about by the failure of the guardian of his person to explain to him the reasons for the delay in the disbursement of funds.

There has been no showing that the bank was unsuitable in performing its statutory duties of safekeeping and preserving the estate, nor was there any evidence that any other bank would perform these duties in a more suitable manner. Further, if Mr. Cosden's desire to have a certain amount of funds automatically granted to him was approved, the estate could very likely be rapidly dissipated. "It is the law of guardianships, anciently and well established, that at all times, the court must be guided by what is in the best interests of the ward." In re Farson's Estate, supra, 77 Ariz. at 201, 269 P.2d at 603. We believe that the conscientious effort by the appellee in complying with its statutory duties is in the ward's best interests.

Dissatisfaction with the guardian is not a sufficient basis for his removal, In re Faiello's Estate, 2 Misc.2d 759, 151 N.Y.S.2d 1015 (1956), and an irritable and suspicious attitude toward the guardian and an unhappy state of mind existing toward the guardian is not a sufficient showing of unsuitability to warrant the bank's removal. In re Sherman's Guardianship, 42 Cal.App.2d 251, 108 P.2d 717 (1940). Problems occasioned by the diligent performance of its duties cannot operate as a basis for removal of the bank as guardian of the estate.

We affirm the judgment below.

HOWARD, C. J., and LLOYD C. HELM, Judge of the Superior Court, concur.

NOTE: Judge HERBERT F. KRUCKER having requested that he be relieved from consideration of this matter, Judge LLOYD C. HELM was called to sit in his stead and participate in the determination of this decision.