Jacob Markowitz, J.
This proceeding is for the judicial settlement of the intermediate account of John F. Riddell, Jr., now deceased, and Bankers Trust Company, as trustees, under an inter vivos trust made by John F. Riddell, Jr. for the period from December 20, 1940 to September 30, 1971. The donor’s will was admitted to probate on September 30, 1971. Dorothy Riddell Thatcher, the life beneficiary and daughter of the donor, was appointed one of the executors under the will.
The trust instrument gives Mrs. Thatcher the right to appoint the distribution of the principal of the trust upon her death. Ab,sent the exercise by her of this power of appointment, the principal will devolve, in equal shares, among her issue, per stirpes.
One of Mrs. Thatcher’s children is Barbara Riddell Thatcher, who has a one-third remainder in the corpus of the trust. Barbara Riddell Thatcher resides with her parents in Connecticut. Under Connecticut law, beginning October 1, 1972, an 18-year-old is legally an adult. Barbara Riddell Thatcher has attained the age of 18 years.
By order of a Justice of this court, dated September 6, 1972, a guardian ad litem was appointed for her in this proceeding. Through her mother she applies for an order removing the guardian ad litem on the ground that, being an adult, no guardian is necessary.
New York law provides that a minor is a person under the age of 21 years. “ A minor reaches majority at that age ” (Domestic Relations Law, § 2). Article 12 of the CPLR provides that infants shall appear in judicial proceedings by a guardian (CPLR 1201 et s.eq.). Indeed, no judgment by default may be entered against an infant unless the guardian has appeared or 20 days have expired since the guardian was appointed (CPLR 1203).
Being procedural in nature, these New York statutory provisions control, notwithstanding that applicant is no longer a minor under Connecticut law (Matter of Faiello, 2 Misc 2d 759, 760; 15A C. J. S., Conflict of Laws, § 14 [7], p. 479; Restatement, Conflict of Laws, § 120; Restatement, Conflict of Laws 2d, § 122; *152 see, also, Deason v. Jones, 7 Cal. App. 2d 482; Beauchamp v. Bertig, 90 Ark. 351).
We do not deal here with applicant’s right to take and possess the corpus of the trust when it is distributed (see Matter of Altman, 138 N. Y. S. 2d 336; Matter of Honeyman, 202 App. Div. 728, affg. 117 Misc. 653; Matter of Golding, 127 Misc. 821). Nor, in a situation such as that at bar, does the full faith and credit clause of the United States Constitution compel following the Connecticut law (Gasquet v. Fenner, 247 U. S. 16; People v. Baker, 76 N. Y. 78, 85-86). We confront a procedural problem in the early stages of an intermediate accounting of trustees with the basic issue only whether or not the trustees have properly accounted for their stewardship of the trust during a given number of years. In such a case New York law mandates the defense of the rights of a person under 21 years of age by a guardian.
It is no reflection upon Mrs. Thatcher or her father to observe that she is one of the executors of his estate and, as such, one of the accounting parties. As an accounting party, and as the life beneficiary with the power to appoint the principal, there exists in law, even if not in fact, a conflict of interest between her daughter and her self which, for the protection of her daughter, calls for the appointment of a guardian ad litem (CPLR 1201).
The guardian ad litem is directed to proceed promptly with the filing of his report in this and the companion accounting proceeding.
Application to remove the guardian denied.