NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In the Matter of Guardianship of:

DANIEL LEVI BONDY, *an Adult.*

SUSAN BONDY, *Petitioner/Appellant,*

*v.*

MARICOPA COUNTY PUBLIC FIDUCIARY, *Respondent/Appellee,*

DANIEL LEVI BONDY, *Appellee.*

No. 1 CA-CV 16-0676
FILED 10-24-2017

Appeal from the Superior Court in Maricopa County
No. PB2012-050606
The Honorable Lisa Ann Vandenberg, Judge *Pro Tempore*

**AFFIRMED**

APPEARANCES

Susan Bondy, Phoenix
*Petitioner/Appellant*

Maricopa County Attorney's Office Civil Services Division, Phoenix
By M. Colleen Connor, Edward W. France, III
*Counsel for Respondent/Appellee*

---

## MEMORANDUM DECISION

Presiding Judge Michael J. Brown delivered the decision of the Court, in which Judge Jennifer B. Campbell and Judge Margaret H. Downie joined.

---

**B R O W N**, Judge:

¶1     Susan Bondy ("Mother") appeals the superior court's order denying her petition to be appointed successor guardian for her adult son, Daniel Bondy, and to remove the Maricopa County Public Fiduciary ("Public Fiduciary") as his guardian.  Finding no abuse of discretion, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2     Due to complex medical conditions, physical disabilities, and cognitive impairment, Daniel is unable to care for himself.  Mother filed a petition to be appointed Daniel's permanent guardian and conservator just before his eighteenth birthday in July 2012.  Shortly after Mother filed her petition, Arizona Child Protective Services filed a dependency action in the juvenile court that was eventually dismissed on July 11, 2012.  In the dependency action, Daniel was represented by attorney John R. Worth, who asked the court to appoint a guardian ad litem ("GAL") to determine whether Mother would be an appropriate guardian.

¶3     The superior court conducted a two-day trial in December 2012, at which several witnesses testified.  The court denied Mother's petition and appointed the Public Fiduciary as Daniel's permanent guardian.  Mother has since filed several petitions to remove the Public Fiduciary and have herself appointed Daniel's guardian.

¶4     As a result of one of Mother's petitions, the parties participated in a settlement conference in June 2014.  Following the settlement conference, Daniel's adult sister, Patti Blackwell, was appointed his temporary guardian.  The superior court, however, vacated the temporary guardianship and reappointed the Public Fiduciary following an emergency hearing in October 2014.

**¶5** Mother has also filed several requests for visitation. The Public Fiduciary responded that a protocol for supervised visitation is necessary and has been successful in the past. The superior court denied Mother's last visitation request, finding there were legitimate reasons to impose visitation parameters and Mother could visit Daniel within those parameters, as she had done so previously.

**¶6** Upon receipt of Mother's most recent petition to remove the Public Fiduciary and appoint herself as guardian, the superior court ordered another investigation. The GAL interviewed Daniel, his group home staff, the prior GAL, the Public Fiduciary, Mother, and Daniel's attorney, and concluded it was in Daniel's best interest to remain in his current placement and for the Public Fiduciary to continue as guardian. The court investigator interviewed the same people and visited Daniel in his group home, and found Daniel was well-cared for in his group home. The investigator also noted that Mother agreed the Public Fiduciary was doing a good job as guardian. On October 3, 2016, after hearing from Mother and the Public Fiduciary, the court denied Mother's petition, finding no basis to remove the Public Fiduciary.

**¶7** Mother then filed a pleading titled "Appeal Decision Comm. Lisa Vandenberg Denied Motion for Guardianship by His Mother Oct. 3, 2016." The superior court determined this pleading did not constitute a notice of appeal and treated it as a motion for reconsideration. In a detailed order, the court affirmed the denial of Mother's petition to remove the Public Fiduciary and substitute herself as guardian.

**¶8** Despite the superior court's treatment of Mother's "appeal," this court opened the current appeal. The appeal was stayed to allow the entry of an order containing the requisite certification of finality pursuant to Arizona Rule of Civil Procedure ("Rule") 54(c). The superior court issued a signed order that included the Rule 54(c) certification. Thus, the appeal was reinstated.

## DISCUSSION

**¶9** Proceedings to substitute and appoint a successor guardian are governed by A.R.S. § 14–5307. "The court's discretion to remove a guardian is not to be exercised arbitrarily or capriciously but is a legal discretion to be exercised with due regard to the legal rights of all concerned." *In re Cosden's Estate,* 12 Ariz. App. 88, 89 (1970). Pursuant to A.R.S. § 14–5307(A), "the court shall substitute a guardian and appoint a successor if it is in the best interests of the ward." Thus, Mother has the

burden of showing that the superior court abused its discretion in concluding it was in Daniel's best interests for the Public Fiduciary to continue as his guardian. *In re Guardianship of Kelly,* 184 Ariz. 514, 518 (App. 1996).

**¶10**      Mother's appellate briefs and addendum do not comply with ARCAP 13(a), which requires citation to the record and legal authorities as well as a statement of issues, among other things. Mother also refers to matters that were not before the superior court at the October 2016 hearing. We do not consider matters that were not in evidence before the superior court. *See GM Dev. Corp. v. Cmty. Am. Mortg. Corp.*, 165 Ariz. 1, 4 (App. 1990). In addition, the record does not include a transcript from that hearing. It is Mother's duty as the appellant to ensure the record on appeal includes the transcripts necessary for consideration of the issues on appeal. *See* ARCAP 11(c)(1); *State ex rel. Dep't of Econ. Sec. v. Burton*, 205 Ariz. 27, 30, ¶ 16 (App. 2003). When such transcripts are not included, "we assume the missing portions of the record would support the trial court's findings and conclusions." *Burton*, 205 Ariz. at 30, ¶ 16.

**¶11**      Based on the record on appeal, we find no abuse of discretion. Mother provided this court with information regarding several areas in which she finds fault with Daniel's care. Mother made similar allegations in her petition to the superior court. However, it is unclear whether any of this information was properly presented to the court. In any event, the court ordered an interview and investigation into Daniel's current placement in response to Mother's latest petition. As discussed above, the reports presented to the court based on those investigations established that Daniel was being appropriately cared for and, based on the case history, a placement with Mother was not in Daniel's best interests. Thus, the evidence supports the court's decision.

**¶12**      The evidence also supports the implicit conclusion that good cause existed to appoint the Public Fiduciary over Mother despite her statutory priority as a parent. *See* A.R.S. § 14–5311(F)[1] (authorizing a court to pass over a person with a higher priority for "good cause"). The Public Fiduciary contends Mother waived this argument by failing to request specific good cause findings from the court within ten days as required by § 14–5311(G) (formerly § 14–5311(E)). However, Mother's "appeal"

---

[1]      In 2016, § 14–5311 was amended; subsection (D) was renumbered and is now found in subsection (F). *See* 2011 Ariz. Sess. Laws, Ch. 354, § 12 (2d Reg. Sess.).

pleading was filed within ten days and generally asserts that the trial court had no basis for removing Daniel from his family. In ruling on this pleading, the court provided a detailed explanation for its decision to appoint the Public Fiduciary over Mother. Accordingly, the court satisfied § 14–5311(G).

**¶13**        Mother alleged many violations of the Arizona Code of Judicial Administration § 7–201 (general requirements) and A.R.S. sections 14–5312 (duties of guardians), 36–551.01 (rights of persons with developmental disabilities), and 13–3623 (abuse of vulnerable adults). Many of these allegations were contained in Mother's petition to remove the Public Fiduciary, her requests to visit Daniel, have Daniel speak to the trial judge, and return Daniel to her care filed in June 2016. As noted above, in response to these pleadings, the superior court reappointed the GAL "to investigate whether the current Guardian is appropriate and whether the current placement is in the ward's best interest." The court also ordered the Court Investigator to conduct a home visit. These investigations concluded Daniel's placement was appropriate and he was well-cared for. There are no citations to the record supporting Mother's allegations, and the record on appeal does not include a transcript of the relevant hearing. Accordingly, we presume the evidence supports the court's ruling and find no abuse of discretion. *See Burton*, 205 Ariz. 27.[2]

## CONCLUSION

**¶14**        No one involved in this case doubts Mother's love for Daniel and that she wants to ensure he receives the best care, but the record indicates Daniel is receiving appropriate care in his current placement and the Public Fiduciary is acting in Daniel's best interests. The record also shows that, at this time, Mother is not physically or emotionally able to

---

[2]        Mother also raised issues with the orders denying her previous visitation and guardianship petitions; however, those prior orders are not properly raised in this appeal.

provide the level of daily care Daniel requires on a long-term basis. The superior court did not abuse its discretion, and therefore we affirm the court's order denying Mother's petition to remove the Public Fiduciary and be appointed guardian.



AMY M. WOOD • Clerk of the Court
FILED: AA